[No. 12595. Department Two. July 21, 1915.]

NELLIE FLEMING, *Appellant,* v. F. S. LANGLEY et al.,
*Respondents.*[1]

JUDGMENT—COLLATERAL ATTACK. Judgment in an action of replevin, by a court of a sister state having jurisdiction of the subject-matter and of the person of the only defendant named as vendee in a bill of sale of the property, which determined the title to the property to be in the plaintiff, cannot be collaterally attacked by one claiming to have an interest with defendant as one of the vendees, even though the judgment be erroneous.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered June 11, 1914, upon findings in favor of the defendants, in an action for money paid, tried to the court. Affirmed.

*Robertson & Miller* and *F. W. Girand,* for appellant.

*Belden & Belden* and *M'Naughton & Berg,* for respondents.

CROW, J.—Action by Nellie Fleming against F. S. Langley and Annie Langley, his wife, to recover $1,333.33, paid on the purchase price of a shingle mill. From a judgment in defendants' favor, the plaintiff has appealed.

Appellant, who is a married woman living separate and apart from her husband, in her complaint alleged, that, on or about April 30, 1913, she and her husband, William R. Flem-

[1]Reported in 150 Pac. 418.

ing, with whom she was then living, and one J. H. Weber, jointly purchased from the respondent F. S. Langley a shingle mill and certain logs located in Kootenai county, Idaho, for the sum of $10,000; that $2,000 was paid in cash; that the remainder was to be paid in monthly installments; that the purchase was made in the name of Weber, but for the joint benefit, use, and ownership of appellant, her husband and Weber; that appellant advanced $1,333.33 of the purchase money; that respondent F. S. Langley knew she did so; that he also knew the purchase was made for appellant, her husband and Weber; that the vendees went into possession; that appellant herself was in possession on or about September 10, 1913, at which time respondent F. S. Langley wrongfully, unlawfully, and without her consent seized possession, which he still retains; that he has retained the purchase money paid by appellant, and that she is entitled to recover the same with interest.

Respondents, answering the complaint, denied that appellant had any interest in the mill; denied that she was in possession thereof at any time; denied any knowledge on their part that she had advanced any of the purchase money; and alleged that they sold the mill, by a written conditional bill of sale, to J. H. Weber alone; that respondents contracted with no other person; that the mill was personal property located on leased ground; that Weber defaulted in his payments; that respondent F. S. Langley thereupon instituted an action in replevin in the district court of Kootenai county, Idaho, to recover possession of the mill, and that final judgment was entered in his favor. Attached to the answer is a copy of the written contract of sale running from F. S. Langley to Weber alone, no mention of appellant or her husband being made therein.

The controlling issues are whether the mill was sold to Weber alone, or to appellant, her husband and Weber; also, whether respondents, at any time before they regained possession of the mill by the action in replevin, knew that appel-

lant had any interest therein, or had made any payment towards its purchase. After hearing the evidence, the trial judge found that, on or about September 25, 1913, respondent, by written contract, sold the mill to Weber; that Weber defaulted in his payments; that thereupon respondent F. S. Langley, in an action prosecuted in Kootenai county, Idaho, rightfully and regularly regained possession; that respondents had no dealings with appellant; that they had no means of knowing that appellant claimed any interest in the mill or had advanced any purchase money, and that if she did advance the same, as she testified, that fact was unknown to respondents. From an examination of the evidence, although there is some conflict, we conclude that it clearly preponderates in respondents' favor and sustains the findings, which in turn support the judgment.

As the written contract of sale from respondent F. S. Langley to Weber contained no provision for a forfeiture for nonpayment of purchase money, appellant claims that respondent F. S. Langley was not entitled to bring an action in replevin to regain possession; that he should have proceeded by foreclosure, and that appellant, as a party in interest, should have been made a party defendant. The Idaho court had jurisdiction of the subject-matter of the action as well as jurisdiction of the person of Weber, the only vendee named in the contract. Its judgment, which cannot be attacked collaterally, is sufficient to protect respondents in their present possession. Even though error may have occurred during the trial of the action, that fact will not avoid the judgment.

Affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.