[No. 15647.   Department One.   January 2, 1920.]

W. H. FISHER, *Respondent*, v. SEATTLE TRUST COMPANY
*et al.*, *Respondents*, SCHWABACHER HARDWARE
COMPANY, *Appellant*.[1]

APPEAL (232)—STAY—RIGHT TO AND NECESSITY OF SUPERSEDEAS. A judgment directing the payment of a fund in court which might be enforced by execution can be stayed only by the taking of an appeal and the giving of a supersedeas bond, in the absence of which it is entitled to the same respect as if all right of appeal had expired or been abandoned.

TRUSTS—EXECUTION OF TRUST—PAYMENT OF JUDGMENT. A trustee distributing a fund under a decree of court is indemnified by the order and needs no release.

APPEAL (232, 244)—SUPERSEDEAS—RESTITUTION. Pending an appeal taken after payment of a judgment distributing a fund in court to solvent parties, the supreme court will not require the trustee to make restitution to an appellant who was amply protected by Rem. Code, § 1742, authorizing restitution after final decision on the appeal.

Application filed in the supreme court November 24, 1919, for an order requiring the deposit in court of a trust fund, pending appeal from the judgment directing disposition thereof.   Denied.

*M. H. Van Nuys*, for respondents and appellant.

*Wright, Kelleher, Allen & Hilen*, for respondent Fisher.

MITCHELL, J. — The Seattle Trust Company admittedly held in trust the legal title to certain real estate in King county, Washington, for the benefit of certain judgment creditors of Benjamin Moyses *et al.* W. H. Fisher, one of these creditors, instituted an action in the superior court of King county against

[1]Reported in 186 Pac. 649.

the trustee, other creditors and parties in interest, to have the real estate sold and the proceeds divided. Such proceedings were had that the property was sold, and thereupon, among others, Fisher, the Seattle Trust Company, and Schwabacher Hardware Company, each appearing by his attorney of record, a decree was entered on July 29, 1919, dividing the fund of $5,163.93 by adjudging that the plaintiff, Fisher, have and recover from the Seattle Trust Company the sum of $5,006.31, and that the defendant Schwabacher Hardware Company have and recover of the Seattle Trust Company the sum of $157.62. On the next day, July 30, 1919, the Seattle Trust Company, in good faith and in obedience to the judgment, paid W. H. Fisher said sum of $5,006.31, and mailed its check for $157.62 to Schwabacher Hardware Company. Thereafter, in the month of October, Schwabacher Hardware Company gave its written notice of appeal from the judgment of July 29, 1919, and filed the same, together with an appeal and supersedeas bond. The appeal has not yet been presented to this court. Promptly, the Seattle Trust Company made demand upon Fisher for the return of the money paid to him, that it might be held to abide the result of the appeal. The demand was refused; and in this connection it appears that Fisher was himself acting as a trustee for others in making the collection and that, on the day he received the money, he at once paid it to the parties entitled to it.

Upon the theory that, by the provisions of § 1731, Rem. Code, upon giving notice of appeal and the filing of the bond to render it effectual, this court acquires jurisdiction of the appeal for all necessary purposes, the Seattle Trust Company, by a noticed motion and petition, has applied for an order requiring Fisher to deposit here or in the superior court said sum of $5,-

006.31 to be held subject to the result of the appeal. No objection seems to have been made by any one to the form of the judgment entered in the superior court in that, in legal effect, it justified the Seattle Trust Company to at once pay the amounts ordered to be paid or, at its own risk, suffer an execution against it. Any party aggrieved, in order to protect himself, could, at the time the judgment was rendered, have given notice in open court of an appeal and made it effectual by the filing of an appeal and supersedeas bond as the statute provides for. There is no warrant, under the statutes of this state, for impounding a fund in court after judgment directing its payment, except upon the giving of a supersedeas bond, which is intended, among other things, to protect a successful litigant from the loss of interest while he is kept out of the use of his money. Counsel for respondent Fisher calls attention to the absence of any showing by the Seattle Trust Company that either he or the beneficiary to whom he paid the collection is insolvent, and that, on the contrary, there is an undenied affirmative showing that each of them is entirely solvent, and that therefore the Seattle Trust Company is amply protected by the provision of Rem. Code, § 1742, authorizing a writ of restitution to restore money or property taken under a judgment appealed from, if by a decision of the supreme court the appellant becomes entitled thereto.

Counsel for petitioner, relying on § 474, vol. 2, Perry on Trusts (6th ed.), and *Gottschalk v. Mercantile Trust & Deposit Co.*, 102 Md. 521, 62 Atl. 810, says:

"Where a court of equity assumes jurisdiction to execute a trust, the trustee can act only under the direction of the court. Hence the trust fund is in the custody of the court."

The rule is sound, and here the trustee did act under the direction of the court, whereupon the applicability of another rule, viz.:

"Where the trustee pays and distributes the trust fund under the direction and decree of the court, he is indemnified by the order itself, and needs no release. It would be impossible to hold any trustee responsible for obeying the orders of a court." 2 Perry, Trusts (6th ed.), § 924.

So that, when the judgment of the superior court was entered, all previous rights of the parties became merged in the judgment, which gave directions for the disposition of the funds. It then became the duty of the Seattle Trust Company to carry out the terms and provisions of the judgment. The judgment was perfectly valid and enforceable, and, at the time the money was paid to Fisher, the judgment was entitled to the same respect and confidence as if all right of appeal had expired or been abandoned, or the judgment had already been affirmed upon appeal.

Application denied.

HOLCOMB, C. J., MAIN, and PARKER, JJ., concur.