[No. 19340. Department One. October 16, 1925.]

JOHN H. ROCHE, *Appellant*, v. D. K. McDONALD, *Respondent*.[1]

JUDGMENT (25)— DEFAULT—PLEADING—FAILURE TO ANSWER. A judgment on personal appearance, after the overruling of defendant's demurrer, and failing to further plead, is a default judgment as if there had been no appearance.

SAME (148, 152)—DEFAULT—COLLATERAL ATTACK—GROUNDS — IN-SUFFICIENT CAUSE OF ACTION. A default judgment entered upon a complaint so deficient in substance as to conclusively negative the existence of a cause of action is void and may be collaterally attacked at any time.

JUDGMENT (274)—ACTIONS ON—LIMITATIONS. Rem. Comp. Stat., §§ 459 and 460, is not a mere statute of limitations affecting only the remedy, in view of the declaration that any judgment shall cease to be a lien or charge against the estate or person, and that no suit shall be had or judgment rendered in the state by which the lien or duration of the judgment or demand shall be extended

[1]Reported in 239 Pac. 1015.

or in force for more than six years after date of its entry; and prohibits the entry of any judgment upon a judgment that will extend its force beyond such period.

SAME (254)—FOREIGN JUDGMENTS — FORCE AND EFFECT — FULL FAITH AND CREDIT. The "full faith and credit" clause of the Federal constitution does not require the courts of this state to enforce a judgment of the courts of Oregon, entered upon a Washington state judgment more than six years after its date, in violation of the prohibition of Rem. Comp. Stat., §§ 659, 660; since any similar judgment in this state would be void, and greater force can not be accorded to the Oregon judgment.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 24, 1925, in favor of the defendant, in an action on a judgment, tried to the court. Affirmed.

*F. W. Girand* and *Roche & Ayers,* for appellant.

*Graves, Kizer & Graves,* for respondent.

PARKER, J.—The plaintiff, Roche, commenced this action in the superior court for Spokane county seeking recovery from the defendant, McDonald, upon a judgment rendered by the circuit court of the state of Oregon for Marion county, which judgment was rendered by that court upon a judgment rendered by the superior court of this state for Spokane county. A hearing upon the merits resulted in judgment denying to the plaintiff the relief prayed for, from which he has appealed to this court.

The conceded and proven controlling facts, in so far as we need here notice them, may be summarized as follows: Appellant and respondent have both been residents of Spokane county for a period of more than thirty years past. In the year 1917, one Dart commenced an action in the superior court for Spokane county seeking recovery of damages from respondent and others. Such proceedings were had therein that on June 24, 1918, judgment was rendered by that court

in favor of Dart and against respondent and his co-defendants, awarding recovery in the sum of $12,750. No action seeking revival of or recovery upon that judgment in any court has ever been taken other than the Oregon suit here in question, and we assume that no part of the obligation so evidenced has ever been paid.

On February 27, 1924, Dart duly assigned that judgment, and all sums due thereon, to appellant. On March 15, 1924, appellant commenced an action in the circuit court of Oregon for Marion county, seeking recovery on that judgment. At that time appellant was temporarily in Oregon where he was personally served with summons in that action, so as to give that court jurisdiction over his person and the controversy, in so far as the facts pleaded in the complaint might authorize the rendering of a judgment against him. The record before us is not very certain as to just what respondent did in the way of appearing in that action. It is conceded, however, by statements made in appellant's brief filed upon this appeal, that he did nothing more than demur to the complaint soon after the commencement of the action, which demurrer was by the court overruled, evidently before the expiration of a period of six years following the rendering of the judgment of the Washington court, and that thereafter he made no further response to the complaint and elected not to plead further.

Thereafter on October 1, 1924, the Oregon court rendered judgment in that action in favor of appellant and against respondent in the sum of $18,283, evidently the amount of the Washington judgment, with interest from the time of its rendition. It is alleged in respondent's affirmative defense in this action, and not denied in appellant's reply thereto, that "there was no other

foundation for the Oregon judgment sued upon herein than the judgment rendered by the Washington court on June 24, 1918.'' Thus we are led to conclude that the judgment of the Oregon court was rendered against respondent solely upon the judgment of the Washington court because of respondent's failure to answer upon the merits.

In view of our principal problem being as to whether or not the Oregon judgment was a judgment within the power of the Oregon court to render at the time of its purported rendition, let us first inquire and decide as to whether or not that judgment was anything more than a mere default judgment having for its support only the allegations of the complaint upon which it was rendered. It has, we think, been made plain by our above summary of the facts that the complaint in that action did not set up the semblance of a cause of action, other than the judgment of the Washington court; that there was no answer controverting the facts alleged in the complaint in that action; and that the judgment of the Oregon court was rendered solely upon the judgment of the Washington court for want of answer to the merits on the part of respondent in that action. There was no trial in the Oregon court participated in by respondent, and hence no possible trial amendments to the complaint. Therefore, the judgment of the Oregon court here sued upon was a default judgment, as completely so as if respondent had not appeared in the action and demurred to the complaint. 34 C. J. 147.

It has become the settled law of this state, and we think generally elsewhere in this country, that a judgment rendered by default, rested solely upon the allegations of a complaint so deficient in substance as to conclusively negative the existence of a cause of action at the time of its rendition, is void, or in any event

voidable, and that such a judgment may be successfully assailed, collaterally or otherwise, whenever it is sought to be made the foundation of a claim of right. *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23.

Does it appear in this case that the judgment of the Washington court, which was the sole foundation of the judgment of the Oregon court, was, at the time of the rendering of the judgment of the Oregon court, no longer of any force and effect? We think it affirmatively clearly so appears by the allegations of the complaint in the Oregon case, in that it thereby appears that the judgment of the Washington court was rendered on June 24, 1918, and that the judgment of the Oregon court was rendered thereon more than six years thereafter. In ch. 39, Laws of 1897, p. 52, relating to the duration of judgments, referring to sections of Remington's Compiled Statutes, we read:

"§ 459. After the expiration of six years from the rendition of any judgment it shall cease to be a lien or charge against the estate or person of the judgment debtor.

"§ 460. No suit, action, or other proceedings shall ever be had on any judgment rendered in the state of Washington by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment."

This statute, we think, is not a mere statute of limitation affecting a remedy only. It is more than that. It not only makes a judgment cease to be a "charge against the person or estate of the judgment debtor" after six years from the rendering of the judgment, but also in terms expressly takes away all right of renewal of or action upon the judgment looking to the continuation of its duration or that of the demand on

which it rests, for a longer period than six years from the date of its rendition. It does not tell us when an action upon a judgment may be commenced. It simply tells us that no judgment can be rendered extending the period of duration of a judgment, or of the claim or demand upon which it rests, beyond the period of six years following its rendition. We have given full force and effect to this statute. *Burman v. Douglas,* 78 Wash. 394, 139 Pac. 41; *Ball v. Bussell,* 119 Wash. 206, 205 Pac. 423. We note that in *Burman v. Douglas* this statute is referred to as "one of limitation." A critical reading of that decision, however, will show that the question of whether it is an ordinary statute of limitation against the commencement of an action, or a statute taking away a right of action, was not considered. We think that expression in that decision should not be regarded as of any controlling force in our present inquiry.

In *Ball v. Bussell, supra,* we held in effect that the statute took away all right of action for recovery upon a judgment in so far as such recovery could be made effectual beyond the period of six years from the rendition of the judgment. In that case, while six years had not expired following the rendition of the judgment at the time of the commencement of the action, six years had expired before the rendition of the judgment in the action thereon. We there said:

"It so happens that the life of the original judgment here in question expired on March 31, 1921, which, it will be noticed, was only eight days following the entry on March 23, 1921, of the judgment here upon appeal. It follows from our view of the law, as above expressed, that at this time both the original judgment and the judgment which is here upon appeal must be held to be no longer a charge against the person or estate of appellant. If six years following the entry of the

original judgment had not at this time expired, we would remand the case to the superior court with directions to embody in the judgment here on appeal appropriate language specifically limiting its life to the same period as that of the life of the original judgment, to wit, six years following March 31, 1915; which period would end March 31, 1921. But, there not being at this time any necessity for such a direction, we simply conclude that the judgment appealed from must now be held to be of no force or effect following March 31, 1921, and that to that extent it should be set aside and held for naught.''

We conclude that had appellant sued in a superior court of this state upon the judgment rendered in the superior court for Spokane county, of this state, and recovered judgment thereon as he did in the Oregon court more than six years following the rendition of the original judgment, and such recovery had been by default as it was in the Oregon court, we would now unhesitatingly hold such judgment to be void and of no effect.

Now shall the judgment rendered by the Oregon court upon the original judgment rendered by the Washington court be held of greater force when in turn sued upon in this state than a judgment rendered by a Washington court upon an original judgment rendered by a Washington court; that is, shall the courts of Washington accord to this judgment rendered by the Oregon court any greater force or effect than the courts of Washington would accord to such a judgment rendered by a Washington court? Since, as we have observed, we would hold such a judgment of our own court void and of no effect, why should we not hold such a judgment of the Oregon court void and of no effect? Counsel for appellant invoke the provision of § 1, art. 4, of the Federal constitution, that ''full faith and

credit shall be given in each state to the public acts, records, and judicial proceedings of every other state.'' The argument seems to be that we are to blindly accept the judgment of the Oregon court wholly at its apparent face value, it being a simple money judgment, without inquiry or taking notice of the foundation upon which it rests. Thus counsel would have us ignore the allegations of the complaint in that action, which affirmatively show that there could be no lawful recovery therein at the time of the rendition of the judgment of the Oregon court, in that the judgment of the Washington court was rendered more than six years prior thereto.

Manifestly, the mandate of the Federal constitution that full faith and credit shall be given in each state to ''judicial proceedings'' of a sister state does not mean that there can be accorded to such proceedings legal force and effect which they do not possess. Now when the Oregon court rendered its default judgment upon the judgment of the Washington court, it evidently did so without proof of the peculiar judgment law of Washington, and was thus induced to erroneously accord to the judgment of the Washington court greater force and effect than that judgment possessed under the laws of Washington. That judgment, as we have seen, was the sole foundation upon which the Oregon judgment was rendered, and that being a default judgment, it was, therefore (*in any event, as we may now view it in this action thereon in this state,* we being enabled to take judicial notice of the Washington judgment law without proof), void and of no binding force as a support of another judgment thereon in this state. In *Board of Public Works v. Columbia College,* 17 Wall. (U. S.) 521, Justice Fields, speaking for the supreme court of the United States, said:

"No greater effect can be given to any judgment of a court of one State in another State than is given to it in the State where rendered. Any other rule would contravene the policy of the provisions of the Constitution and laws of the United States on that subject."

In *Reynolds v. Stockton*, 140 U. S. 254, Justice Brewer, speaking for that court, also observed:

"The section of the Federal Constitution which is invoked by plaintiffs is section 1 of Article IV, which provides that 'full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State.' Under that section the full faith and credit demanded is only that faith and credit which the judicial proceedings had in the other State in and of themselves require."

In *Suydam v. Barber*, 18 N. Y. 468, 75 Am. Dec. 254, Chief Judge Johnson, speaking for the court after a somewhat exhaustive review of prior decisions, said:

"While the rule just stated as to the effect of judgments of one State in the courts of another is clear, as is established by the cases cited by Judge Cowen, and by numerous others, yet no case can be found where a greater effect is given to the judgment of any State in the courts of another than belongs to it in the State where it was rendered. Indeed, such a rule would be against all reason, and not only out of the policy of the provisions of the constitution and laws of the United States on that subject, but against and irreconcilable with all policy and with the plainest and fundamental principles of justice."

This pertinent observation, we think, can be as safely made today as in 1858 at the time of the rendering of that decision. 34 Cyc. 1128.

As to what relief, if any, respondent McDonald might have as against the Oregon judgment, were it sought to be enforced in Oregon or sued upon in some state other than Washington, we express no opinion.

It is enough for our present purpose to know by the record of the Oregon case, as disclosed by this record, that the judgment was a default judgment; that its sole foundation was a judgment of the Washington court rendered more than six years prior thereto; and to judicially know that the Washington judgment, according to the law under which it was rendered, furnished no legal foundation for the rendering of the Oregon judgment, because of the absolute nullity of the Washington judgment by the then lapse of time. Under these circumstances, we hold that the *courts of this state, in any event,* are not bound to give full faith and credit to the Oregon judgment according to its literal terms, but are privileged and have the duty to view that judgment in the light of the foundation upon which it rests and the judgment law of our own state. Had the peculiar Washington judgment law been appropriately brought to the attention of the Oregon court, it seems to us probable, practically to a degree of certainty, that the Oregon court would never have rendered its default judgment upon the Washington judgment. This, however, is of no legal consequence here.

The judgment of the superior court denying to appellant Roche the relief prayed for by him is affirmed.

TOLMAN, C. J., ASKREN, and MACKINTOSH, JJ., concur.