# ROCHE *v.* McDONALD.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 38. Submitted October 14, 1927.—Decided January 3, 1928.

1. A writ of error will not lie under Jud. Code, § 237 (a), to review the judgment of a state court upon the ground that it failed to give full faith and credit, as required by Art. IV, § 1, of the Constitution, to the judgment of a court of another State, but the papers may be treated as an application for certiorari, and that writ may be issued thereon. P. 450.

2. The Full Faith and Credit Clause requires that the judgment of a state court which had jurisdiction of the parties and the subject-matter, shall be given in the courts of every other State the same credit, validity and effect as it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State. P. 451.

3. R. recovered a judgment by default against M in an action on a Washington judgment in an Oregon Court in which M, after being personally served while temporarily in Oregon, had appeared and demurred to the complaint but had elected not to plead further when the demurrer was overruled. In a subsequent action on the Oregon judgment in Washington, the Washington court refused to enforce it, upon the ground that the original Washington judgment had expired and become a nullity by lapse of time under the statutes of that State, before the Oregon judgment was rendered, so that the latter was without legal foundation, and, as it would have been void if rendered under like circumstances in a court of Washington, could be given no force or effect when sued upon in Washington. *Held,* error, since the Oregon judgment, even though erroneous, was valid and conclusive between the parties in Oregon, and under the Full Faith and Credit Clause, was equally conclusive in Washington.

136 Wash. 322, reversed.

Certiorari to a judgment of the Supreme Court of Washington, denying relief in an action on an Oregon judgment. The writ of error is dismissed and certiorari granted.

*Messrs. Beverly C. Mosby* and *Lucius G. Nash* were on the brief for petitioner.

*Mr. W. G. Graves* was on the brief for respondent.

Mr. Justice Sanford delivered the opinion of the Court.

This writ of error is brought to review a judgment of the Supreme Court of the State of Washington which is challenged on the ground that the full faith and credit prescribed by § 1 of Art. IV of the Constitution was not given to a judgment of a court of the State of Oregon on which the plaintiff in error relied. As this does not present a ground for the writ of error under § 237 (a) of the Judicial Code, as amended by the Jurisdictional Act of 1925,[1] this writ is dismissed for want of jurisdiction. But since the papers show adequate reason for invoking a review by a petition for certiorari, that writ is granted,[2] and we proceed to the consideration of the case on the merits.

The parties to this suit have been for many years residents of Washington. On June 24, 1918, one Dart recovered a judgment for $12,500 against McDonald in a superior court of Washington. In February, 1924, Dart assigned this judgment to Roche. In March, McDonald being then temporarily employed in Oregon, Roche brought suit against him upon this judgment in a circuit court of that State. He was personally served with a summons, appeared and demurred to the complaint. This demurrer was overruled. He then elected to plead no further and did not answer the complaint. Subsequently, in October, 1924—more than six years after the rendition of the Washington judgment—judgment was rendered

[1] 43 Stat. 936, c. 229; printed as an Appendix to the Revised Rules of this Court, 266 U. S. 687.

[2] Sec. 237(c) of the Judicial Code, as amended.

against him in default, of answer for the amount of the original judgment, with interest.

Shortly thereafter, Roche brought this suit against McDonald, upon the Oregon judgment, in the superior court of Washington. McDonald answered, denying the validity of the Oregon judgment under a Washington statute which provided that after six years from the rendition of any judgment it should cease to be a charge against the judgment debtor, and no suit should be had extending its duration or continuing it in force beyond such six years.[3] Roche replied, setting up and relying upon the full faith and credit clause of the Constitution.

The superior court entered judgment for McDonald. This was affirmed by the Supreme Court of Washington, which held that under the Washington statute the original judgment expired at the end of six years from its rendition and could not be extended by another suit; that having been rendered when the original judgment had become a nullity, the Oregon judgment had no legal foundation, and, as it would have been void and of no effect if rendered under like circumstances by a court of Washington, could be given no force or effect when sued upon in Washington; and that under the full faith and credit clause the courts of Washington "are not bound to give full faith and credit to the Oregon judgment according to its literal terms, but are, privileged and have the duty to view that judgment in the light of the foundation upon which it rests and the judgment law of our own state." 136 Wash. 322.

It is settled by repeated decisions of this Court that the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was

---

[3] Laws of 1897, c. 29; Remington's Compiled Statutes, §§ 459–460.

rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State. *Mills v. Duryee,* 7 Cranch 481, 484; *Hampton v. McConnel,* 3 Wheat. 234, 235; *D'Arcy v. Ketchum,* 11 How. 165, 175; *Cheever v. Wilson,* 9 Wall. 108, 123; *Hancock National Bank v. Farnum,* 176 U. S. 640, 643; *Tilt v. Kelsey,* 207 U. S. 43, 57; *Converse v. Hamilton,* 224 U. S. 243, 259. This rule is applicable where a judgment in one State is based upon a cause of action which arose in the State in which it is sought to be enforced, as well as in other cases; and the judgment, if valid where rendered, must be enforced in such other State although repugnant to its own statutes. *Christmas v. Russell,* 5 Wall. 290, 302; *Fauntleroy v. Lum,* 210 U. S. 230, 236; *Kenney v. Supreme Lodge,* 252 U. S. 411, 415.

In *Christmas v. Russell, supra,* the defendant, a resident of Mississippi, executed there a promissory note, which was endorsed by the payee to the plaintiff, a resident of Kentucky. After action on this note had been barred by the Mississippi statute of limitation, the defendant having come into Kentucky on a visit, was there sued on the note. His defense on the statute of limitations of Mississippi was overruled, and judgment was entered for the plaintiff. The plaintiff then brought suit upon this Kentucky judgment in the Federal circuit court of Mississippi, where the defendant made defense under another statute of Mississippi, which provided that no action should be maintained on any judgment rendered against a resident of the State by any court without the State where the cause of action would have been barred by limitation if the suit had been brought within the State. The defense was overruled, and judgment entered for the plaintiff. This was affirmed here on the ground that under the full faith and credit clause this Mississippi statute was unconstitutional and void as affecting the right of the plaintiff to enforce the

Kentucky judgment; the Court saying that since that judgment was valid in Kentucky and conclusive between the parties there, it was not competent for any other State to authorize its courts to open the merits and review the cause, or to enact that such a judgment should not receive the same faith and credit that by law it had in the courts of the State from which it was taken.

In *Fauntleroy* v. *Lum, supra,* the original cause of action arose in Mississippi out of a gambling contract in cotton futures. The laws of Mississippi made dealing in futures a misdemeanor, and provided that such contracts should "not be enforced by any court." The controversy had been submitted to arbitration, and an award made against the defendant. Thereafter, finding the defendant temporarily in Missouri, the plaintiff brought suit there upon the award. The court refused to allow the defendant to show the nature of the transaction and its illegality under the laws of Mississippi, and entered judgment for the plaintiff. Suit was then brought upon this Missouri judgment in a court of Mississippi. Judgment was entered for the defendant which was affirmed by the Supreme Court of Mississippi. This Court, in reversing that judgment, said: "The doctrine laid down by Chief Justice Marshall was 'that the judgment of a state court should have the same credit, validity, and effect, in every other court in the United States, which it had in the State where it was pronounced, and that whatever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any other court in the United States.' *Hampton* v. *McConnel,* 3 Wheat. 234. . . . Whether the award would or would not have been conclusive, and whether the ruling of the Missouri court upon that matter was right or wrong, there can be no question that the judgment was conclusive in Missouri on the validity of the cause of action. . . . A judgment is conclusive as to all the *media concludendi, United States* v. *California*

& *Oregon Land Co.,* 192 U. S. 355; and it needs no authority to show that it cannot be impeached either in or out of the State by showing that it was based upon a mistake of law. Of course a want of jurisdiction over either the person or the subject-matter might be shown. *Andrews* v. *Andrews,* 188 U. S. 14; *Clarke* v. *Clarke,* 178 U. S. 186. But as the jurisdiction of the Missouri court is not open to dispute the judgment cannot be impeached in Mississippi even if it went upon a misapprehension of the Mississippi law." This case was cited and followed in *American Express Company* v. *Mullins,* 212 U. S. 311, 314, holding that under the full faith and credit clause a judgment in one State was conclusive as to all the *media concludendi,* and could not be impeached in another State by showing that it was based upon a mistake of law.

In *Kenney* v. *Supreme Lodge,* 252 U. S. 411, a suit was brought in Illinois upon an Alabama judgment based upon a cause of action which under an Illinois statute could not be brought or prosecuted in that State. This Court, in holding that the Illinois statute was repugnant to the full faith and credit clause, said: " In *Fauntleroy* v. *Lum,* 210 U. S. 230, it was held that the courts of Mississippi were bound to enforce a judgment rendered in Missouri upon a cause of action arising in Mississippi and illegal and void there. The policy of Mississippi was more actively contravened in that case than the policy of Illinois is in this. Therefore the fact that here the original cause of action could not have been maintained in Illinois is not an answer to a suit upon the judgment. See *Christmas* v. *Russell,* 5 Wall. 290; *Converse* v. *Hamilton,* 224 U. S. 243."

The *Fauntleroy* case is directly controlling here. The court of Oregon had jurisdiction of the parties and of the subject-matter of the suit. Its judgment was valid and conclusive in that State. The objection made to enforce-

ment of that judgment in Washington is, in substance, that it must there be denied validity because it contravenes the Washington statute and would have been void if rendered in a court of Washington; that is, in effect, that it was based upon an error of law. It cannot be impeached upon that ground. If McDonald desired to rely upon the Washington statute as a protection from any judgment that would extend the force of the Washington judgment beyond six years from its rendition, he should have set up that statute in the court of Oregon and submitted to that court the question of its construction and effect. And even if this had been done, he could not thereafter have impeached the validity of the judgment because of a misapprehension of the Washington law. In short, the Oregon judgment, being valid and conclusive between the parties in that State, was equally conclusive in the courts of Washington, and under the full faith and credit clause should have been enforced by them.

The judgment of the Supreme Court of Washington is reversed; and the case remanded for further proceedings not inconsistent with this opinion.

*Writ of error dismissed; certiorari granted; reversed.*