[No. 1656-1.    Division One.    October 29, 1973.]

INDUSTRIAL FINANCE COMPANY, *Appellant,* v. LYLE M. LOVELL, *Respondent.*

*Carney, Stephenson, Siqueland, Badley & Smith* and *Basil L. Badley,* for appellant.

*Johnson & Crane* and *Ernest F. Crane,* for respondent.

FARRIS, J.—Industrial Finance Company, a South Dakota corporation, appeals from the refusal of the Washington trial court to register a South Dakota judgment against Lyle M. Lovell.

In 1966, Lovell, president and majority stockholder of Bud's Mobile Homes, a South Dakota corporation, left South Dakota and moved to the state of Washington with notice to Industrial Finance, Bud's major creditor. On September 15, 1968, an officer of Industrial Finance came to Washington during the course of liquidating Bud's assets and obtained Lovell's signature in blank on a promissory note which was subsequently made in the amount of $50,000, payable in 120 monthly installments.

Payments were not made as scheduled and in March 1970, Industrial Finance filed suit on the note in Minnehaha County, South Dakota. Lovell was served personally with the summons and complaint in Enumclaw, Washington. The South Dakota court entered a default judgment in the sum of $53,653.25 against Lovell personally on August 19, 1970, after he failed to appear for trial.

In September 1970, Industrial Finance filed in King County, Washington, a petition for registration of this judgment. After trial of the action on February 23, 1972, the Washington court refused to register the judgment. This appeal followed.

■ The "full faith and credit clause" requires the registration of a judgment of a sister state having jurisdiction of the parties and the subject matter. *In re Rankin,* 76 Wn.2d 533, 535, 458 P.2d 176 (1969).

We first consider whether Lovell was properly served under the South Dakota long-arm statute. Industrial Finance relies upon that statute as the basis for its claim of personal jurisdiction over Lovell. The statute provides:

> Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, or through an agent, of any of the following acts:
> (1) The transaction of any business within the state;
> . . .
> (6) Acting as director, manager, trustee, or other officer of any corporation organized under the laws of, or having its principal place of business within this state, . . .

SDCL 1967, § 15-7-2.

After Lovell moved to Washington in November 1966, Industrial Finance handled the liquidation of Bud's Mobile Homes. Lovell testified that the note in question was given to Industrial Finance to cover whatever loss there might be after the completion of that liquidation:

> THE COURT: You signed a note which was intended to make up for the loss, the deficiency that existed at the time they had completed selling everything they had to sell, isn't that right?
> THE WITNESS [Lovell]: As I see it, your Honor, there was no way of really determining the loss at that time, if there was one.
> THE COURT: But the note was given with the idea of covering whatever that loss might be, wasn't it?
> THE WITNESS: Yes, but the loss wasn't $50,000, your Honor.

Whether Lovell signed in an individual capacity, in a corporate capacity, or in both capacities, the commitment he made related to his transaction of business within South Dakota or to his position as president of the South Dakota corporation, Bud's Mobile Homes, within the meaning of

SDCL 1967, § 15-7-2(1) and (6). Subsection 1 of SDCL 1967, § 15-7-2 asserts South Dakota long-arm jurisdiction to the fullest extent possible under the due process clause of the Fourteenth Amendment. *Ventling v. Kraft*, 83 S.D. 465, 161 N.W.2d 29 (1968). Therefore, if South Dakota could constitutionally have asserted jurisdiction over Lovell, he was properly served here.

In *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945), the United States Supreme Court held that

> due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

Such "minimum contacts" have been found where a nonprofit insurance association having its only office in Nebraska solicited new members in Virginia, typically through the unpaid activities of Virginia residents, *Travelers Health Ass'n v. Virginia ex rel. State Corp. Comm'n*, 339 U.S. 643, 94 L. Ed. 1154, 70 S. Ct. 927 (1950), and where a single insurance contract was solicited by mail and serviced in the forum state by an out-of-state insurer, *McGee v. International Life Ins. Co.*, 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199 (1957). However, in *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958), the United States Supreme Court sounded a cautionary note in the trend of expanding personal jurisdiction over nonresidents:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *International Shoe Co. v. Washington*, 326 U. S. 310, 319.

Despite the narrowing of the allowable scope of long-arm jurisdiction in *Hanson v. Denckla,* South Dakota was well within due process boundaries when it obtained personal jurisdiction over Lovell. In his activities as president of Bud's Mobile Homes, Lovell "purposefully [availed himself] of the privilege of conducting activities with[in] the forum State" as required by *Hanson v. Denckla, supra* at 253. Lovell testified that the note he signed in Washington related to his obligations arising from those activities. South Dakota obtained personal jurisdiction over Lovell consistent with the demands of due process.

Whether Lovell signed the note in question in a personal or in a corporate capacity was a question for the South Dakota court in the main action, but it was not before the Washington court. Nevertheless, we consider it since the trial court entered a finding on the question. Lovell signed the note "BUD'S MOBILE HOMES, INC., /s/ Lyle M. Lovell." Under RCW 62A.3-403 (2) (b):

(2) An authorized representative who signs his own name to an instrument

. . .

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

Lovell's signature on the note did not indicate that he signed in a representative capacity. As between the parties, parol evidence may have been admissible to prove that he did sign in such a representative capacity, but this was a question of fact within the discretion of the South Dakota court and could not properly be considered by the Washington court when Industrial Finance petitioned for registration of the South Dakota judgment. The scope of the Washington court's consideration of this petition for registration should have been limited to questions of the South Dakota court's jurisdiction, *In re Rankin, supra,* and fraud-

834

ulent acquisition of such jurisdiction, *Allard v. La Plain,* 147 Wash. 497, 519, 266 P. 688 (1928). Neither of these exceptions to the full faith and credit enforcement of foreign judgments applies here.

Reversed.

SWANSON, C.J., and JAMES, J., concur.

Petition for rehearing denied February 14, 1974.

Review denied by Supreme Court April 29, 1974.