NATIONAL GENERAL CORPORA-
TION, Plaintiff,

v.

DUTCH INNS OF AMERICA, INC.,
Defendant.

Civ. A. No. 74-C-46-D.

United States District Court,
W. D. Virginia,
Danville Division.

Nov. 11, 1974.

Philip G. Gardner, Frith & Gardner, Martinsville, Va., for plaintiff.

John M. Oakey, Jr., McGuire, Woods & Battle, Richmond, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, District Judge.

National General Corporation, plaintiff, a Delaware Corporation, brings this action against Dutch Inns of America, Inc., defendant, a Florida corporation, to enforce a foreign judgment from the State of California. This action was originally filed in the Henry County Circuit Court in Martinsville, Virginia, on June 6, 1974, but was removed on July 2, 1974, to this Federal District Court on a petition filed by defendant Dutch Inns. The petition was filed in accordance with the requisites of 28 U.S.C. § 1446 and jurisdiction is conferred upon this court by virtue of 28 U.S.C. § 1441 as the amount of the California judgment exceeds $10,000.

Plaintiff has filed a motion for summary judgment, enclosing the stipulated judgment No. 966140 of the Superior Court for the State of California for the County of Los Angeles. This original judgment dated January 4, 1974, was signed by Harold V. Boisvert, a court commissioner acting as a Judge Pro Tem for the purposes of entering a stipulated judgment. On September 20, 1974, plaintiff filed a supplemental memorandum in support of plaintiff's motion for summary judgment. At this same time plaintiff included the stipulated judgment 966140 bearing the signature of Superior Court Judge A. J. McCourtney, which was signed by the judge on September 18, 1974, and awarded plaintiff the sum of $640,291.-66. The stipulated judgments were both attested to by the court clerk, Clarence E. Cabell, and bear the seal of the Los Angeles County Superior Court in accordance with 28 U.S.C. § 1738. Also included in plaintiff's supplemental memorandum and filed with this court was an authorization by Judge McCourtney showing that Commissioner Boisvert had the power to enter a judgment in the case entitled National General Corporation, etc. v. Dutch Inns of America, Inc., etc., et al.

Prior to plaintiff's filing of its supplemental memorandum on September 20, 1974, defendant had made a response to plaintiff's motion for summary judgment, attacking the validity of the California judgment and basing this attack upon a recent California Supreme Court decision, Rooney v. Vermont Investment Corporation, 10 Cal.3d 351, 515 P.2d 297 (Supreme Court of California, 1973). This court recognizes and follows the rule that federal courts accord to a judgment of a state court only the effect given to it by the law of the state in which it was rendered, Mutual Orange Distributors et al. v. Agricultural Prorate Commission of California et al., 30 F.Supp. 937 (S.D.Cal.1940), however, once the state court has jurisdiction over the parties and over the subject matter, its judgment is valid and cannot be impeached in the state of the forum even though it cannot be obtained there, Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928). With the above rules of law as focal points, the court now considers defendant's response

to plaintiff's motion for summary judgment, and, more particularly, the bearing, if any, of *Rooney, supra,* upon the present action.

*Rooney* involved a judgment entered by a Judge Pro Tem of the same Superior Court for Los Angeles County. In voiding the judgment entered by the Judge Pro Tem, the Supreme Court of California found that the Commissioner acting as Judge Pro Tem was acting without authorization from the Superior Court Judge to do so. Furthermore, in *Rooney,* the parties did not stipulate that a judgment could be entered at once, but expressly conditioned any entry of judgment upon the occurrence of a default, at which time the party at fault only agreed to pay the *unpaid balance due and owing.* The Judge Pro Tem entered the judgment without notifying the defendant and affording defendant an opportunity to be heard in opposition to plaintiff's contentions concerning the fact of default and the amount due. The basis of the *Rooney* decision then was twofold. First, the California Supreme Court held that a court commissioner can act as a Judge Pro Tem for the purpose of entering a stipulated judgment only when he has been fully authorized so to do. Secondly, when any of the essential elements of the stipulated agreement are still potential issues, then due process requires that all parties be notified and given an opportunity to be heard before judgment may be entered.

The present case is readily distinguishable from *Rooney.* The "Agreement of Settlement" entered between National General Corporation and Dutch Inns of America, Inc. was made between the parties in order to avoid a trial that was then pending in the Los Angeles County Superior Court. (This trial included two counts: the first count was to recover certain monies for alleged fraud; and the second count was to recover the same sum on a money had and received theory. The suit named Dutch Inns of America, Inc., Jerome H. Weinkle, Alan B. Kessler, and Marvin L. Rubin as defendants.) The parties agreed that Dutch Inns would execute a "Stipulation For Judgment" for $500,000 plus interest at the rate of 7% per annum from January 1, 1970 to the date of the entry of judgment. Immediately after the signing of this latter agreement, the parties agreed to cause counsel to join in taking the then pending trial off the calendar of the Los Angeles Superior Court. In exchange for a full discharge by Dutch Inns of the judgment that was stipulated to, National General Corporation agreed to dismiss its action against the remaining defendants. Clearly, there were no factual issues to be decided as to the amount in controversy nor was there a prerequisite to the entry of a judgment. Thus, unlike *Rooney,* all essential terms of the judgment were set out, and no notice nor hearing was necessary.

A second salient feature distinguishing the present action from *Rooney* is the full authorization by Superior Court Judge A. J. McCourtney showing that Harold S. Boisvert had the power to enter a judgment in the lawsuit entitled National General Corporation, etc. v. Dutch Inns of America, etc., et al.

Finally, and most importantly, the judgment has now been signed by Superior Court Judge McCourtney. Since this would remove all doubt as to the power of a Judge Pro Tem to enter a judgment, there remains no similarity with the Rooney case. This technical impairment was the only issue raised by defendant in opposing plaintiff's motion for summary judgment. There being no other allegations concerning the jurisdiction of the California Court over the parties and over the subject matter, this court finds the California judgment is entitled to full faith and credit within the Western District of Virginia. Therefore, the court grants plaintiff's motion for summary judgment and orders judgment in the sum of $640,291.66 be awarded to National General Corporation.