[No. 6567-7-III.   Division Three.   October 31, 1985.]

IDAHO DEPARTMENT OF HEALTH AND WELFARE, *Respondent,*
v. BRYAN HOLJESON, *Appellant.*

*Dennis W. Morgan, Edward G. Cross,* and *Cross & Morgan,* for appellant.

*Kenneth D. Carpenter* and *Underwood, Campbell, Brock & Cerutti,* for respondent.

MUNSON, J.—Bryan Holjeson appeals the denial of his motion to vacate an Idaho judgment for child support arrearages, claiming the underlying cause of action was barred under Washington's statute of limitation and was also subject to the defense of res judicata. We affirm.

The Holjesons were divorced in Idaho in 1967. Mr. Holjeson's former wife was granted custody of their three children. She later instituted several actions in Idaho against Mr. Holjeson, a Washington resident, under the Uniform Reciprocal Enforcement of Support Act (URESA), RCW 26.21. The last action in 1982 pertained to back support. Under a stipulated order, Mr. Holjeson was required to pay

$100 per month toward arrearages established at $5,400.[1]

Thereafter, the former wife commenced an action in Idaho for back support; Mr. Holjeson appeared and contested that action. The court entered judgment against him for past due support, interest, and attorney fees in the amount of $38,752.88. He was given credit for amounts previously paid under the URESA orders.

Mr. Holjeson appealed. Two months later the former wife filed the Idaho judgment in Lincoln County Superior Court pursuant to RCW 6.36.025. Mr. Holjeson dismissed his appeal in Idaho and moved to vacate the foreign judgment filed in Washington. His motion was denied; this appeal followed. The State of Idaho has been substituted for the former wife by reason of a subrogation claim.

█ Under article 4, section 1 of the United States Constitution, full faith and credit must be accorded judgments of sister states having jurisdiction of the parties and the subject matter. *Johnson v. Muelberger,* 340 U.S. 581, 95 L. Ed. 552, 71 S. Ct. 474 (1951); *In re Rankin,* 76 Wn.2d 533, 535, 458 P.2d 176 (1969); *Industrial Fin. Co. v. Lovell,* 9 Wn. App. 829, 831, 515 P.2d 1304 (1973), *review denied,* 83 Wn.2d 1010 (1974). Generally, this means a foreign judgment is not subject to collateral attack, but must be given the same recognition and res judicata effect it would receive in the state which rendered it. *Durfee v. Duke,* 375 U.S. 106, 11 L. Ed. 2d 186, 84 S. Ct. 242 (1963); *Williams v. Steamship Mut. Underwriting Ass'n,* 45 Wn.2d 209, 213, 273 P.2d 803 (1954); *Fleming v. Langley,* 86 Wash. 346, 348, 150 P. 418 (1915); *In re Estate of Storer,* 14 Wn. App. 687, 690, 544 P.2d 95 (1975), *review denied,* 87 Wn.2d 1001 (1976).

Nevertheless, Mr. Holjeson raises the Washington statute of limitation[2] and the doctrine of res judicata as defenses

---

[1] This stipulation was arranged between Mr. Holjeson and the Lincoln County Prosecuting Attorney.

[2] Mr. Holjeson contends *Valley v. Selfridge,* 30 Wn. App. 908, 639 P.2d 225 (1982) is applicable. *Valley* might be applicable if the original action had been

to the enforcement of the Idaho judgment. RCW 6.36.025 provides:

Filing of foreign judgment—Authorized—Effect. A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. *A judgment so filed has the same effect and is subject to the same procedures, defenses, set–offs, counterclaims, cross–complaints, and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner.*

(Italics ours.) Mr. Holjeson contends the language emphasized means a foreign judgment cannot be enforced in Washington if there would have been a defense to the action had it been initiated in Washington. Thus, in his view, RCW 6.36.025 authorizes the courts of Washington to re–examine the original claim in terms of its validity under Washington law.

*In re Marriage of Ulm,* 39 Wn. App. 342, 693 P.2d 181 (1984) supports Mr. Holjeson's position. *Ulm* affirmed the trial court's modification of a California judgment for arrearages under a support order rendered in that state, after determining a portion of the California judgment included certain claims for past due support which were barred under Washington's statute of limitation.

However, a close reading of *Ulm* suggests the court may have misapplied the common law rule that a state can invoke its own statute of limitation applicable to enforcement of judgments. *See Sobo v. Sobo,* 28 Wn. App. 766, 768, 626 P.2d 520 (1981); *see also* Restatement (Second) of Conflict of Laws § 118(2), at 342 (1971). Rather than apply RCW 4.16.020(2) from the date the California judgment

---

filed in Washington. The Idaho trial court apparently held the stipulation of the amount of back support in the URESA action in 1982 reopened the entire issue of back support. Whether that is a correct ruling was an issue for the appellate courts of Idaho.

was entered, the court applied the statute to the date a judgment would have existed under Washington law. *Cf. Kruger v. Kruger,* 37 Wn. App. 329, 332, 679 P.2d 961 (1984) (each installment of child support, when unpaid, becomes a separate judgment; enforcement of that judgment must be within the time period specified by statute).

More importantly, *In re Marriage of Ulm, supra,* appears to conflict with *Roche v. McDonald,* 275 U.S. 449, 72 L. Ed. 365, 48 S. Ct. 142, 53 A.L.R. 1141 (1928), *rev'g* 136 Wash. 322, 239 P. 1015, 44 A.L.R. 444 (1925). *See also Christmas v. Russell,* 72 U.S. (5 Wall.) 290, 18 L. Ed. 475 (1866); *Keyser v. Lowell,* 117 F. 400, 402 (8th Cir. 1902); *National Gen. Corp. v. Dutch Inns of Am., Inc.,* 386 F. Supp. 844, 845 (W.D. Va. 1974); *Roche v. McDonald,* 158 Wash. 446, 459–60, 291 P. 476 (1930). *Roche v. McDonald,* 275 U.S. at 454–55, held, under article 4, section 1 of the United States Constitution, a state may not refuse enforcement of a sister state judgment merely because the claim upon which it was based could not have been maintained in its courts.

Our court in *Roche v. McDonald,* 136 Wash. at 331, had refused to enforce a foreign judgment because the underlying claim, which was based upon a prior Washington judgment, was barred under Washington law. The United States Supreme Court reversed, stating:

> The court of Oregon had jurisdiction of the parties and of the subject–matter of the suit. Its judgment was valid and conclusive in that State. The objection made to enforcement of that judgment in Washington is, in substance, that it must there be denied validity because it contravenes the Washington statute and would have been void if rendered in a court of Washington; that is, in effect, that it was based upon an error of law. It cannot be impeached upon that ground. If McDonald desired to rely upon the Washington statute as a protection from any judgment that would extend the force of the Washington judgment beyond six years from its rendition, he should have set up that statute in the court of Oregon and submitted to that court the question of its construction and effect. And even if this had been done, he could

not thereafter have impeached the validity of the judgment because of a misapprehension of the Washington law. In short, the Oregon judgment, being valid and conclusive between the parties in that State, was equally conclusive in the courts of Washington, and under the full faith and credit clause should have been enforced by them.

*Roche v. McDonald*, 275 U.S. at 454–55. *See also* Restatement (Second) of Conflict of Laws § 118(1) (1971); *In re Estate of Storer, supra* at 690.

Thus, a proper reading of RCW 6.36.025 indicates a party is not entitled to raise any and all defenses which could have been raised during trial on the original action; he may only assert those defenses which destroy the full faith and credit obligation normally associated with sister state judgments. *In re Estate of Storer, supra* at 690; *see generally* Restatement (Second) of Conflict of Laws §§ 93, 103–21 (1971). At a minimum, a foreign judgment is enforceable to the same extent as a final judgment entered in Washington. *See Colorado Nat'l Bank v. Merlino*, 35 Wn. App. 610, 621, 668 P.2d 1304, *review denied*, 100 Wn.2d 1032 (1983). *See generally* CR 60(b); RCW 4.16-.020(2); RCW 6.04.010.

The defenses raised by Mr. Holjeson do not overcome the full faith and credit obligation Washington must accord the Idaho judgment. Mr. Holjeson had the opportunity to rely upon Washington's statute of limitation and the alleged res judicata effect of the previous order for arrearages under URESA when the matter was litigated in Idaho. He was not denied equal protection because the Washington trial court, in denying his motion to vacate, refused to examine the merits of the underlying claim. *See In re Estate of Storer, supra* at 690.

When Mr. Holjeson believed the Idaho trial court committed error in rendering its judgment, he pursued direct review in that state's appellate courts. That was the appropriate forum; however, he dismissed his appeal. Once a party to a lawsuit has been afforded the opportunity to

raise and litigate an issue, he cannot collaterally attack the resulting judgment in a sister state. *Durfee v. Duke, supra; Fleming v. Langley, supra* at 348; *In re Estate of Storer, supra* at 690. When judgment was rendered in Idaho, all previous rights of the litigants concerning arrearages became merged in that judgment. *See Fisher v. Seattle Trust Co.,* 109 Wash. 257, 260, 186 P. 649 (1920).

The trial court is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Review denied by Supreme Court January 10, 1986.