[No. 15483-4-I.   Division One.   August 18, 1986.]

LOUISE EFFERT, *Appellant,* v. AUGISTINE R. KALUP, JR., *Respondent.*

---

*George N. Bowden* and *Senter, Miller & Bowden,* for appellant.

*Timothy Odell,* for respondent.

SCHOLFIELD, C.J.—Louise Effert, formerly Kalup, appeals the trial court's dismissal of her action to enforce a 1982 Pennsylvania judgment for back child support.

## FACTS

Louise and Augistine Kalup were divorced in Pennsylvania in December 1969. As a result of the divorce decree, Augistine was ordered to pay support for the two children of the marriage. In 1973, when the children were adopted by Louise's new husband, Augistine owed $10,615 in back child support.

Louise had made several attempts through court process to collect back child support from Augistine, which resulted in Augistine serving a 2–month jail term and in a court order requiring him to obtain the court's permission before leaving the jurisdiction. Augistine nonetheless left Pennsylvania in early 1970 and came to the state of Washington, where he has resided continuously except for a 10–month period in Arkansas, and 7 months in Pennsylvania in 1978. Louise maintains that she did not know Augistine's whereabouts until 1979, when her daughter gave Louise his address and phone number.

Augistine asserts that Louise could have found him had she chosen to do so, either by tracing his social security number or by contacting his relatives who were still in Pennsylvania. Augistine concedes that he did not notify the domestic relations department of the Pennsylvania court concerning his new address in Washington. Augistine further concedes that he did not contact Louise when he

returned to Pennsylvania in 1978. An affidavit of Louise's caseworker indicated that the domestic relations department of the court was unable to locate Augistine until 1979, when they were provided with a contact through Louise.

In August 1982, Louise obtained a judgment in Pennsylvania for the support arrearage, and Augistine received notice of the judgment entered against him in Pennsylvania for the amount of $10,615. Louise filed an action in Snohomish County Superior Court to enforce the Pennsylvania judgment.

The only issue considered by the court was whether the Washington 6–year statute of limitations (believed to be the same in Pennsylvania) had been tolled by Augistine's absence from Pennsylvania. The trial court determined that Louise had not met her burden of proof to show that Augistine had made himself unavailable and that the statute of limitations had run and was not tolled.

### FULL FAITH AND CREDIT

A judgment rendered by a court of one state, if valid, is entitled to recognition in the courts of another state by virtue of the full faith and credit clause. 47 Am. Jur. 2d *Judgments* § 1218 (1969). The full faith and credit clause of the United States Constitution, article 4, section 1, reads as follows:

> Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.

Recognition of a sister–state judgment under the clause presupposes a valid judgment, one based on proper jurisdiction and not defective for being fraudulent. E. Scoles & P. Hay, *Conflict of Laws* 934 (1982).

A state may not deny enforcement of a valid sister–state judgment, even if the claim upon which the judgment was based could not have been entertained in its own courts. *See Roche v. McDonald,* 275 U.S. 449, 72 L. Ed. 365, 48 S.

Ct. 142, 53 A.L.R. 1141 (1928), *rev'g* 136 Wash. 322, 239 P. 1015, 44 A.L.R. 444 (1925). Thus, a sister–state judgment is only subject to collateral attack for want of jurisdiction over the parties or subject matter or a claim that the judgment was obtained fraudulently. *See In re Estate of Storer,* 14 Wn. App. 687, 544 P.2d 95 (1975). Thus, arguing that a statute of limitations is applicable is not an attack upon jurisdiction and cannot be raised as a defense to enforcement of a sister–state judgment.

However, in *In re Marriage of Ulm,* 39 Wn. App. 342, 693 P.2d 181 (1984), a former wife obtained a foreign judgment for child support arrearage and sought to enforce it in Washington. The husband moved to vacate the judgment, asserting as a defense the Washington statute of limitations. The wife contended that the California statute of limitations was tolled by the husband's absence from the state. She also contended that a California court determined that the whole arrearage was a fresh judgment and thus was entitled to full faith and credit. The husband conceded that California statutes provided for tolling if satisfaction of the judgment had not been sought within the statutory period due to an "excusable failure". Cal. Civ. Code § 685.

The *Ulm* court noted that

> Each installment of child support, when unpaid, becomes a separate judgment. Wife does not assert that the California rule is otherwise.

(Citation omitted.) *Ulm,* at 343. The *Ulm* court then went on to apply the Washington statute of limitations applicable to the enforcement of foreign judgments from the date each child support payment was due because RCW 6.36-.025, the Uniform Enforcement of Foreign Judgments Act, provides that a foreign judgment filed in Washington is subject to the same defenses as a judgment of this state.[1]

---

[1]"Filing of foreign judgment—Authorized—Effect. A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of any county of this state. . . . A judgment so filed has the same effect and is subject to the same

The *Ulm* court held that a certain portion of the child support arrearage was barred by the Washington statute of limitations.

The *Ulm* court was criticized by the recent decision of *Idaho Dep't of Health & Welfare v. Holjeson*, 42 Wn. App. 69, 708 P.2d 661 (1985), *review denied*, 105 Wn.2d 1005 (1986). Holjeson appealed the denial of his motion to vacate an Idaho judgment for child support arrearages, claiming the underlying cause of action was barred under the Washington statute of limitations. In upholding the trial court's decision not to vacate the foreign judgment filed in Washington, the *Holjeson* court noted that full faith and credit must be accorded judgments of sister states having jurisdiction of the parties and the subject matter. *Holjeson*, at 70. *See also Johnson v. Muelberger*, 340 U.S. 581, 95 L. Ed. 552, 71 S. Ct. 474 (1951).

At this time, we depart from the reasoning in *Ulm* and adopt the analysis delineated in *Holjeson*.

In applying the law to the facts in the case before us, we therefore begin with a presumptively valid Pennsylvania judgment entered in the Court of Common Pleas of that state in August 1982. Augistine does not argue that the judgment obtained in Pennsylvania was invalid either for lack of jurisdiction or because the judgment was fraudulently obtained.

However, Augistine attempts to collaterally attack the judgment based on statute of limitations grounds. This collateral attack on the Pennsylvania judgment cannot be sustained. If Augistine wished to contest the validity of the Pennsylvania judgment on statute of limitations grounds, his remedy was to move the Pennsylvania court to vacate the judgment, or alternatively, to appeal that judgment in Pennsylvania.

Application of the full faith and credit clause precludes

procedures, defenses, set–offs, counterclaims, cross–complaints, and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner." RCW 6.36.025.

an examination of that issue by the Washington courts. Therefore, the trial court erred in dismissing Louise's action for collection of the Pennsylvania judgment.

## STATUTE OF LIMITATIONS

Although a defendant is precluded from collaterally attacking the validity of a foreign judgment on statute of limitations grounds, the judgment is subject to the forum state's own statute of limitations concerning actions to enforce foreign judgments. 47 Am. Jur. 2d *Judgments* § 954 (1969). RCW 4.16.020 lists actions to be commenced within 10 years:

> (2) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, or of any territory or possession of the United States outside the boundaries thereof, or of any extraterritorial court of the United States.

This 10–year statute of limitations was enacted in 1980 to apply only to judgments which had not expired before June 12, 1980. Louise obtained her judgment from the Pennsylvania court in August 1982. She, therefore, had 10 years from that time to maintain an action in Washington for collection of that judgment. Louise filed her action in Snohomish County in December 1982. Thus, Louise was well within the 10–year time limit for an action to enforce a foreign judgment.

## ATTORNEY FEES

RCW 26.18.160 reads in pertinent part:

> In any action to enforce a support order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees. . . .

RCW 26.18.020(5) defines "support order" as follows:

> "Support order" means any judgment, decree, or order of support issued by the superior court or authorized agency of the state of Washington; or a judgment, decree, or other order of support issued by a court or agency of competent jurisdiction in another state or country, which

has been registered or otherwise made enforceable in this state.

These sections were added to Title 26 by Laws of 1984, ch. 260, §§ 25 and 2, respectively.

Accordingly, we apply RCW 26.18.160 to the appellate portion of this proceeding, which was commenced with the filing of a notice of appeal in October 1984. We determine Louise's attorney fees for this appeal to be $2,042.90.[2]

The attorney fees and expenses at the trial court level were incurred prior to the enactment of RCW 26.18-.160. We decline to retroactively apply the statute. Therefore, any award of attorney fees must be calculated under RCW 26.09.140. That statute reads in pertinent part:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.

"[P]roceeding[s] under this chapter" include actions to collect child support arrearages. *See Kruger v. Kruger,* 37 Wn. App. 329, 679 P.2d 961 (1984).

Pursuant to RAP 18.1(e), upon remand the trial court is instructed to take evidence on the issue of reasonable attorney fees at the trial court level, taking into considera-

---

[2]The affidavit of attorney fees and expenses submitted by Louise's counsel pursuant to RAP 18.1 did not appropriately set forth those fees and expenses. Counsel merely submitted copies of monthly statements sent to Louise that included not only charges, but also credits for adjustments and payments made. Determination of the total amount of fees and expenses claimed necessitated a page–by–page review of those statements. Thus, the amount of attorney fees awarded is a result of the court's calculations, not those of Louise's counsel. Additionally, the affidavit contained no information concerning hours expended by Louise's counsel nor information concerning hourly fees or other method for determining rate of payment. On such an inadequate showing, this court would be justified in refusing to make *any* award of attorney fees. Because such a refusal would create a hardship for the client rather than for her counsel, we do make an attorney fee award.

tion the financial need of Louise and the ability of Augistine to pay. *See Cleaver v. Cleaver,* 10 Wn. App. 14, 516 P.2d 508 (1973).

In view of our resolution of the full faith and credit issue, we need not consider Louise's additional arguments in this appeal. The trial court is reversed and this case is remanded for the entry of a judgment in favor of Louise for back child support in the amount of $10,615, plus appropriate interest and for determination of attorney fees at the trial court level. Louise is awarded attorney fees in the amount of $2,042.90 on this appeal.

WILLIAMS and WEBSTER, JJ., concur.