I. R. MORRIS, Appellant, *v.* GUY DOUGLASS and Another, Respondents, Impleaded with R. W. FLUGEL, Defendant.

First Department, March 10, 1933.

*Herbert W. Haldenstein* of counsel [*Joseph Krefetz* with him on the brief; *Wolf & Kohn,* attorneys], for the appellant.

*Abner M. Israel,* for the respondents.

SHERMAN, J. The order appealed from denies plaintiff's motion for summary judgment. The complaint pleads a judgment obtained by plaintiff against defendants in the Court of Common Pleas, Cuyahoga county, Ohio, a court of general jurisdiction. That judgment rests on a promissory note in the sum of $3,000 executed by defendants which contains a power of attorney authorizing " any attorney at law " to confess a judgment against the defendants, who signed the note. The judgment sued on was entered upon the appearance of one Leddon, an Ohio attorney, who confessed the judgment sued on. That attorney acted really at the request of plaintiff who held the installment judgment note. Respondents were not served with process in the Ohio action; they

do not know Leddon and did not authorize him to appear for them, unless the language of the note gave him that right.

The answers of respondents are identical, and consist of general denials and two affirmative defenses, in which it is alleged (1) that the Ohio court had no jurisdiction because defendants were neither served with process in Ohio, nor appeared in person or by attorney in that action; and (2) in effect that plaintiff is an attorney at Cleveland, Ohio, and entered into an agreement with defendants in respect of a collection agency, the forwarding of business and division of fees and commissions, and that the sum of $3,000 was to be advanced by plaintiff for that business and that the note was really an accommodation to plaintiff and defendants were not to be liable upon the note, but plaintiff was to discount the note at a bank, meet all installments and not take any proceedings on the note but look to the fees earned by defendants in the enterprise for its payment.

The provision for a consent judgment, contained in the note, is as follows: " If any installment on this note be not paid when due, then the entire unpaid principal hereof shall at once become due and payable, at the option of the holder hereof, and we hereby authorize any attorney at law to appear in any Court of Record in the State of Ohio, or in any other State in the United States, after the above obligation becomes due, and waive the issuing and service of process and confess a judgment against us in favor of the holder hereof for the amount then appearing due, together with costs of suit and thereupon to release all errors and waive all right of appeal."

There appears to have been a lack of harmony in the decisions relating to the enforcibility in this State of a judgment by confession entered in the courts of a sister State upon a consent embodied in an instrument for the payment of moneys and also a diversity of view as to its binding force when the writing was signed by individuals who were not residents or citizens of the State wherein the judgment was obtained. (*Baldwin Building & Loan Assn.* v. *Klein*, 136 Misc. 752; affd., 230 App. Div. 830; *Scanlon* v. *Kuehn*, 225 id. 256; *Bland* v. *White*, 138 Misc. 715; *Teel* v. *Yost*, 128 N. Y. 387; *Starck Piano Co.* v. *O' Keefe*, 211 App. Div. 700, 703; *United States Fidelity & Guaranty Co.* v. *Schickler*, 199 id. 74, 75.)

In *Teel* v. *Yost* (*supra*) both parties to the judgment note resided in Pennsylvania and it appeared that the note was authorized by the law of that State, and the court held that as the judgment by confession was valid in that State, it was equally valid here, the court saying (p. 390): " In the case of such a judgment, it is, of

course, unnecessary that any process should be issued or served, declaration filed, or personal appearance entered by the defendant, as these proceedings are totally inconsistent with the nature of a judgment by confession. The appearance by an attorney, under a written power from the party, authorizing his consent to a judgment, is the legal equivalent of the process and proceedings usually taken in an action *in invitum*."

Likewise, in *Mayer* v. *Raudenbush* (217 N. Y. 633) another Pennsylvania judgment was entered, without personal service upon the defendant, by confession on a demand note authorizing any attorney in any court of record of Pennsylvania or elsewhere to appear for and to enter judgment against the defendant, and the validity of the judgment was upheld in this court and in the Court of Appeals. The judgment of affirmance in that case by this court (154 App. Div. 937) was expressly rested on the authority of *Teel* v. *Yost* (*supra*).

Furthermore, the reasons underlying the decision in *Gilbert* v. *Burnstine* (255 N. Y. 348) are determinative of this appeal. There, O'BRIEN, J., quoted (p. 355) with approval from Scott on Fundamentals of Procedure (pp. 39–41), as follows: " ' Jurisdiction over the person of the defendant may be acquired by his consent. This consent may be given either before or after action has been brought. Jurisdiction is conferred when the defendant enters a general appearance in an action, that is, an appearance for some purpose other than that of raising the objection of lack of jurisdiction over him. A stipulation waiving service has the same effect. The defendant may, before suit is brought, give a power of attorney to confess judgment, or appoint an agent to accept service, or agree that service by any other method shall be sufficient. The defendant in all these cases has submitted to the control of the State and of the court over him.' "

That rule requires us to hold that the defendants conferred jurisdiction upon the Ohio court by the consent given in advance and embodied in the note, irrespective of the place of residence of the signatories of the judgment note and, since the judgment was entered in conformity with the laws of Ohio (General Code of Ohio, §§ 11596 and 11597; *Clements* v. *Hull*, 35 Ohio St. 141; *Swisher* v. *Orrison Cigar Co.*, 122 id. 195; *Bulkley* v. *Greene*, 98 id. 55), it is valid and should be enforced here.

The validity of a judgment such as is set forth in the complaint has been upheld in similar cases in other jurisdictions. (*Grover & Baker Machine Co.* v. *Radcliffe*, 137 U. S. 287, 299; *National Exchange Bank* v. *Wiley*, 195 id. 257; *Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining Co.*, 243 id. 93, affg. 267 Mo. 524; *DeDood* v. *Pullman Co.*, 57 F. [2d] 171.)

The second affirmative defense hereinbefore outlined is insufficient in law, for not only does it plead a variation of the terms of the written instrument, but furthermore the Ohio judgment must be deemed to be a determination adverse to respondents' contention. (*Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291, 294; *Mayer* v. *Raudenbush, supra.*) Inasmuch as the answer does not set forth a triable issue, plaintiff was entitled to judgment.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.