Henry Reitinger, Appellee, v. Carl G. Carlson et al.,
Defendants.
Appeal of Helge Erickson, Appellant.

Gen. No. 36,214.

Opinion
filed October 25, 1933.   Rehearing denied November 7, 1933.

ERNEST A. EKLUND and FREDERICK J. BERTRAM, for
appellant.

MONAHAN & MONAHAN, for appellee.

MR. PRESIDING JUSTICE HALL delivered the opinion of
the court.

This is an appeal by Helge Erickson from a judg-
ment of the municipal court of Chicago for $1,500 and
costs of suit against Carl G. Carlson, Karl Walden
and Helge Erickson, appellant.   The judgment was
entered by confession on December 30, 1931, for
$1,666.50, and was subsequently reduced after a hear-
ing and upon the verdict of a jury.   The suit is upon a
promissory judgment note, of which the following is a
copy:

"INSTALLMENT NOTE

"$1500.00                   Chicago, Ill. July 19th, 1929
"At the dates hereinafter mentioned, for value re-
ceived, I or we jointly and severally promise to pay to
the order of Henry Reitinger at his office in Chicago,
Cook County, Illinois, or at such other place as the

legal holder hereof may in writing appoint, the sum of Fifteen Hundred Dollars in the following installments, and agree that on default in the payment of any installment the whole amount of this note shall then and there become due at the election of the legal holder hereof:

| | | |
|---|---|---|
| $75.00 on Oct. 1, 1929 | | $75.00 on Apr. 1, 1930 |
| $75.00 on Nov. 1, 1929 | | $75.00 on May 1, 1930 |
| $75.00 on Dec. 1, 1929 | | $75.00 on June 1, 1930 |
| $75.00 on Jan. 1, 1930 | | $75.00 on July 1, 1930 |
| $75.00 on Feb. 1, 1930 | | $75.00 on Aug. 1, 1930 |
| $75.00 on Mar. 1, 1930 | | $75.00 on Sept. 1, 1930 |

with interest at 6% monthly on the whole sum from time to time remaining unpaid.

"With interest at seven per cent per annum after maturity. If this note is not paid when due, I or we agree to pay an attorney's fee of Twenty-Five Dollars if placed in the hands of an Attorney for collection. We and each of us jointly and severally, do hereby waive presentment for payment, notice of' dishonor, and protest this note, and hereby consent to the extension of this note from time to time without notice to us, and hereby waive any and all notice of whatsoever kind or nature and waive the exhaustion of all legal remedies hereon.

"In Consideration Whereof, and to secure the payment of said amount, I or we hereby authorize, irrevocably, any attorney of any court of record, to appear in such court, in term time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, together with costs and an attorney's fee of 10 per cent of such amount but not less than $10.00; to consent to immediate issue of execution, to waive and release all errors and irregularities that may occur in entering up judgment hereon, and further to agree that no appeal or writ of

error shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment or execution issued thereon. . . .

"This note may be paid on or before maturity.

"Nils Peterson          Carl G. Carlson

   Sigrid B. Peterson         Karl Walden

             Helge Erickson.''

The judgment by confession which was entered on this note against Carl G. Carlson, Karl Walden and Helge Erickson, included $135 attorney's fees.

On January 25, 1932, subsequent to the entry of the judgment, Helge Erickson, the appellant, filed his appearance and moved the court to set the judgment aside, and as a reason for such motion, alleged that appellant had received no consideration for the note; that he never delivered the note to the payee, nor did he ever authorize anyone to deliver the note; that Nils Peterson, one of the signers of the note, represented to defendant, appellant, that he, Peterson, was indebted to plaintiff in the sum of $1,500, and that he, Peterson, had an agreement with plaintiff to the effect that plaintiff would accept as security for such indebtedness the note of Peterson, if Peterson would secure the signatures of five responsible persons as surety, and that the liability of each surety would be only $300; that Peterson requested defendant to sign the note as one of the five sureties; that defendant agreed to sign the note only upon the condition that Peterson would procure the signatures of four other responsible sureties in addition to defendant; that Peterson agreed with defendant before and at the time defendant signed the note, that he, Peterson, would not deliver the note to plaintiff until and unless Peterson procured four other responsible cosureties, and had secured an agreement from plaintiff that defendant would not be liable for more than $300, and that in

no event was the note to be delivered to plaintiff until the four additional sureties were secured.

On February 11, 1932, the trial court entered an order giving defendants leave to appear and make a defense, that a trial be had notwithstanding the judgment by confession, that the judgment stand as security, that the execution be stayed until the further order of the court, and that the affidavit filed on the motion to vacate the judgment stand as the affidavit of merits. Thereafter the cause was submitted to a jury, which returned a verdict in which the jury found "that at the date of the rendition of the judgment by confession in this cause there was due from defendants, Carl G. Carlson, Karl Walden and Helge Erickson, to the plaintiff, the sum of Fifteen Hundred ($1,500.00) Dollars."

Motions for a new trial and in arrest of judgment were denied, and on June 11, 1932, the court entered an order in which it is recited "that the judgment rendered herein against the defendants, Carl G. Carlson, Karl Walden and Helge Erickson, by confession on December 30, 1931, amounting to $1,666.50, be and the same is hereby reduced to the sum of $1,500.00, for which amount said judgment is confirmed and ordered to stand in full force and effect as the judgment of this court as of the date of rendition thereof, and that said judgment, together with plaintiff's costs, in this as well as in that behalf expended, be paid by the defendants in due course of administration."

On the trial before the jury, Helge Erickson, appellant, testified that Nils Peterson, one of the signers of the note, told the witness that he, Peterson, desired to buy the interest of his partner, the plaintiff, in their business for $1,500, and that plaintiff would accept a note for that amount payable in instalments, provided Peterson could obtain the signatures of five responsible persons to the note; that the witness knew Elmer Johnson and Ivan Lindgren, and that he agreed that

he would sign the note, provided these last mentioned persons would sign it, and that Peterson agreed with the witness that he would procure the signatures of these persons to such note, and that thereupon the witness signed it.

Nils ·Peterson testified that he took the note as executed to the plaintiff and that plaintiff remarked that he would prefer to have the five signatures as suggested, but that he would accept the note as it was, which he did.

There seems to be little dispute as to the material facts in this case. Nils Peterson desired to purchase from plaintiff an interest in a business in which he and Peterson were partners, at the agreed price of $1,500, and plaintiff agreed to accept a note signed by certain persons in consideration therefor. Peterson presented the note to these various persons and succeeded in procuring only the signatures of the defendants. The note was submitted to plaintiff in this condition and was accepted by him. There is nothing in the record to show that plaintiff was informed by Peterson or by anyone that the note was signed by the defendants or either of them with any understanding that the note was not to be delivered to plaintiff unless they all signed it. The evidence shows that the note in question was signed by defendant as an accommodation note, which is defined in the Negotiable Instruments Act, Cahill's Illinois Rev. St. 1931, ch. 98, ¶ 49, page 1953, as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party and in case a transfer after maturity was intended by the accommodating

party notwithstanding such holder acquired title after maturity."

It is urged that while the note in question is joint and several, the power of attorney to confess judgment is joint, and that, therefore, judgment by confession could be entered against all or none of the signatories, and the case of *Mayer v. Pick,* 192 Ill. 561, is cited among other cases as authority. In that case, while the note was by its terms joint and several, the power of attorney signed by the two makers of the note provided that *"we* hereby authorize, irrevocably any attorney of any court of record to appear for *us* in such court, in term time or vacation at any time after date hereof and confess judgment, etc." In passing upon the question as to whether or not, under this warrant of attorney, judgment could be entered against one, the court in that case, quoting from and adopting an opinion of this court by Mr. Justice Adams, said, page 564:

" 'It was admitted, on the motion to vacate the judgment, that Simon Pick, whose name is signed to the note and warrant of attorney, died January 3, 1900. While the note is, in terms, the joint and several note of the makers, the warrant of attorney is clearly joint. . . . We are of opinion that the warrant of attorney, being joint, does not authorize a several judgment against one of the makers. *Gee v. Lane,* 15 East, 592; *Man. and Mech. Bank v. St. John,* 5 Hill, 497; *Hunt v. Chamberlain,* 8 N. J. L. 336; *Kahn v. Lesser,* 97 Wis. 217; *Frye v. Jones,* 78 Ill. 627; *Whitney v. Bohlen,* 157 id. 571; *Blake v. State Bank of Freeport,* 178 id. 182.

" '*Gee v. Lane* seems to be the leading case on the subject. In that case there was. a joint and several bond. The warrant of attorney was executed by the obligors, John Lane and William Gee, and was as follows: "To appear for *us,* John Lane and William Gee, and to receive a declaration for *us* in an action of debt for 2400 pounds upon a certain bond bearing even date

herewith, whereby the said John Lane and William Gee are jointly and severally become bound to the said Thomas Gee in the penal sum of 2400 pounds and thereupon to confess the same action, or else to suffer judgment by *nil dicit* to pass against *us* in the said action,'' etc. William Gee having died, the obligee moved for leave to enter up judgment against Lane, the survivor, but the court denied the motion, Lord Ellenborough, C. J., saying: ''An action to be brought against *us* must mean a *joint* action. In the case cited, the warrant of attorney executed by the two was to enter judgment against *me,* which, construed severally, might serve the purpose; but I am afraid that an authority by two to enter judgment in an action against *us* will not warrant a judgment against one alone. The authority must be pursued; we cannot violate it.''

'' 'In *Hunt v. Chamberlain, supra,* the bond was executed by two obligors and was joint and several. The warrant of attorney was to any attorney to appear to an action to be brought against *us.* After the death of one of the obligors judgment by confession was entered against the other. The court, following *Gee v. Lane, supra,* reversed the judgment, and say, in substance, that the King's Bench has uniformly adhered to the decision in *Gee v. Lane,* and that the court of common pleas has followed that decision since the year 1751. The court further say: ''The present warrant empowers an attorney to appear in an action against Daniel Hunt and Ralph Hunt both, and extends no further. Its language is, 'to an action to be brought against *us,* and confess judgment against *us.*' They were willing to stand *together* in judgment and to meet an execution by their joint means and exertions, but it gives no authority for placing one of them in judgment by himself, and leaving him all alone to breast an execution for the whole sum, while the means and estate of the other remain untouched and undisturbed.''

" 'In *Man. and Mech. Bank v. St. John,* 5 Hill, 497, the warrant was signed by three persons, and the power was "to appear for *us and each of us,*" in an action of debt "to be brought against *us and each of us,*" and to confess judgment "against *us and each of us,*" and the court, Bronson, J., delivering the opinion, says: "I am strongly inclined to the opinion that the warrant will only authorize a joint judgment against all the obligors."

" 'In *Kahn v. Lesser, supra,* the promissory note and warrant of attorney were executed by Lesser and another, and were both joint, the power being "to enter our appearance before any court of record, in term time or in vacation, in any of the States or territories of the United States, at any time after the said note becomes due, to waive the service of process and confess judgment in favor of the said Simon Kahn or his assigns." It will be observed that the warrant was substantially the same as in the present case. The Supreme Court of Wisconsin held that a judgment against Lesser alone was not authorized by the warrant, and was void, citing numerous cases, and say: "It is well settled that the authority to confess a judgment under a warrant or power of attorney must be strictly construed. An instrument delegating such power is ordinarily subjected to a strict interpretation, and the authority will not be extended beyond that given in terms, or which is necessary to carry into effect what is expressly given," citing numerous authorities.

" 'In *Frye v. Jones,* 78 Ill. 627, the court say: "The authority to confess a judgment must be clear and explicit and must be strictly pursued," citing *Man. and Mech. Bank v. St. John,* 5 Hill, 497, and *Chase v. Dana,* 44 Ill. 262.

" 'In *Whitney v. Bohlen,* 157 Ill. 571, the power granted was "to appear for me and confess judgment against me as of any term," etc. Judgment was en-

tered by confession in vacation, and the court held the judgment unwarranted, saying among other things: "It is conceded the power to confess a judgment must be clearly given and strictly pursued, or the judgment will be void,"—citing prior Illinois decisions. See, also, *Blake v. State Bank of Freeport,* 178 Ill. 182, in which this language was used: "If a judgment so entered was not confessed by authority of the defendant it will be void for want of power to confess it, and a defendant who is injured by it may have it set aside upon motion."

" 'Other cases might be cited to the same effect, but it is sufficient to say that the great preponderance of authority, English and American, is opposed to the proposition that a judgment may be confessed against one of two or more persons by virtue of a joint warrant of attorney authorizing, in terms, a judgment only against all executing the warrant.' "

It will be noted that in the instant case, the warrant of attorney provides that "*I* or *we* hereby authorize irrevocably any attorney of any court of record to appear in court . . . and confess judgment without process in favor of the holder of this note," etc. We hold that the power of attorney in this case is joint and several, and that the court was not in error in entering the judgment on such warrant. The trial court allowed the original judgment to stand, and permitted defendant to submit his entire defense to the jury and upon the verdict of the jury the original judgment by the order of the court was reduced from $1,666.50 to $1,500. We see nothing in the record to justify a reversal, or to which defendant has any just complaint.

*Affirmed.*

Wilson and Hebel, JJ., concur.