WITHERS, Commissioner of Banking and Insurance of New Jersey, v. STARACE et al.

No. L–7399.

District Court, E. D. New York.

Feb. 11, 1938.

Peaslee & Brigham, of New York City (Ralph G. Albrecht, of New York City, of counsel), for plaintiff.

Henry Margoshes, of New York City (Sapinsley & Lukas and Alvin T. Sapinsley, both of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

This is an action brought on a judgment of the Supreme Court of New Jersey by the Commissioner of Banking and Insurance of the state of New Jersey as trustee for the Gloucester County Title & Mortgage Guaranty Company, a New Jersey corporation. The New Jersey judgment in question arose in the following manner:

The defendants herein executed a mortgage, on certain real property in the state of New Jersey, to the Gloucester County Title & Mortgage Guaranty Company of New Jersey. At the same time, they executed to that company a bond with warrant of attorney attached. This warrant of attorney was directed "To any Attorney of any Court of Law in New Jersey," and authorized him, in case of breach of condition of the bond, to confess judgment for the penalty therein contained.

A default having occurred, the plaintiff foreclosed the property and caused a copy of the bond and warrant of attorney to be filed, and on the affidavit of George P. Robbins, the conservator of the guaranty

company, judgment was entered in the Supreme Court of the state of New Jersey. No process was issued, and the same attorney who appeared for the plaintiff in that action confessed judgment against the defendants on the warrant of attorney.

After a trial, judgment was entered by this court on the New Jersey judgment upon a directed verdict, and defendants immediately moved to set the new judgment aside. The motion raises the question whether the New Jersey court had jurisdiction over the defendants in the proceeding on the bond and warrant of attorney. Defendants contend that since they were nonresidents of the state of New Jersey at the time they executed the warrant of attorney, the warrant did not operate or give jurisdiction to the New Jersey court. They further contend that judgment was not properly entered on the warrant because the same attorney acted for plaintiff and defendant.

■ The practice of confessing judgments has been known in many of the states for many years. The presumption of jurisdiction accorded to the judgment of a court of a foreign state applies as well to those entered by confession of judgment. Such judgments, moreover, are entitled to full faith and credit even though, under the procedure of the forum, no machinery has been provided for entering a judgment in such manner. Monarch Refrigerating Co. v. Farmers' Peanut Co., 4 Cir., 74 F.2d 790.

■ Jurisdiction, for purposes of laying the basis for a personal judgment, may be secured in many ways. In Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 707, 73 A.L.R. 1453, the court, in quoting from a text-book on procedure, said: "Jurisdiction over the person of the defendant may be acquired by his consent. This consent may be given either before or after action has been brought. Jurisdiction is conferred when the defendant enters a general appearance in an action, that is, an appearance for some purpose other than that of raising the objection of lack of jurisdiction over him. A stipulation waiving service has the same effect. The defendant may, before suit is brought, give a power of attorney to confess judgment or appoint an agent to accept service, or agree that service by any other method shall be sufficient. The defendant in all these cases has submitted to the control of the state and of the court over him."

■ Warrant of attorney to confess judgment is one method of establishing jurisdiction by consent. There is no reason why a nonresident may not submit to jurisdiction in that manner as well as a resident for the theory underlying consent jurisdiction is the same in both cases. The place of residence of the signatory of the warrant does not affect the validity of his consent. Morris v. Douglass, 237 App.Div. 747, 1st Dept., 262 N.Y.S. 712. Whenever a confession of judgment by a nonresident has been effectively attacked, it has been because the terms and provisions of the warrant were not followed. Thus in Grover & Baker Sewing Machine Co. v. Radcliffe, 137 U.S. 287, 11 S.Ct. 92, 34 L. Ed. 670, where the agreement authorized an attorney to enter judgment, it was held that entry by a prothonotary was insufficient. Tacit, however, in that decision, is the thought that there is no objection to confession of judgment by a nonresident where the authorization in the warrant is followed.

■ The defendants' warrant ran to any New Jersey attorney. Judgment was admittedly confessed by a New Jersey attorney. The fact that he also acted as plaintiff's attorney does not invalidate the judgment he confessed. Though other courts may object to such practice, cf. Sherwood v. Saratoga & Washington R. R. Co., 15 Barb., N.Y., 650, the testimony indicates that it has been the customary procedure in New Jersey.

■ The relationship between the signatory and the attorney confessing judgment is not the confidential one which exists between attorney and client. It is not even contemplated that the signatory shall know the attorney. Cf. Morris v. Douglass, supra. Between such persons it would be most imaginative to assume the existence of a confidential relationship. The whole purpose of a confession of judgment is to place it wholly within the plaintiff's hands to enter judgment without pursuing the defendant. The defendant never expects to be represented, in the sense that one usually thinks of representation by attorney. It would be a useless formality to have the plaintiff secure a separate attorney for the defendant. The plaintiff would select him and would have to compensate him. The object of his allegiance would be obvious.

Motion denied.

Settle order on notice.