## BOWER v. CASANAVE.

District Court, S. D. New York.
Nov. 6, 1941.

Hartman, Sheridan & Tekulsky, of New York City, Charles Ballon, of New York City, for plaintiff.

Gustave Simons, of New York City (Theodore E. Wolcott, of New York City, of counsel), for defendant.

CONGER, District Judge.

The plaintiff has moved to strike out all thirteen affirmative defenses in the answer as sham, immaterial, irrelevant, and insufficient in law, and for judgment "on the complaint". Defendant has cross-moved for judgment on the pleadings or in the alternative to compel a reply to the affirmative defenses.

The action is based upon a judgment entered in the Municipal Court of the City of Chicago. Diversity of citizenship and the statutory amount are alleged in the complaint. It is further averred that in April, 1941, plaintiff duly commenced an action in the said Municipal Court; that defendant, by virtue of a warrant of attorney, filed therein a cognovit, confessing judgment to the plaintiff, and that on April 30, 1941, plaintiff recovered a judgment against defendant which was duly given by said court for $18,753.51. Demand and refusal is alleged, and judgment is prayed in the above amount with interest and costs.

The answer contains a general denial and thirteen affirmative defenses. Annexed thereto is a copy of the judgment roll in the Illinois action together with the promissory note and warrant of attorney upon which the judgment was based, all certified as correct by the clerk of said court.

The plaintiff's motion will first be considered, but before testing the affirmative defenses, the complaint must be examined. Specifically it is charged to be defective in that the Illinois law is not pleaded nor that plaintiff fully complied therewith. It is urged that the complaint is further defective because of a failure to allege the terms of the warrant of attorney and that plaintiff took all steps necessary to comply with such terms.

The Illinois law need not be pleaded in a federal court because such court will take judicial notice of the law of any state in the Union, whether statutory or depending upon judicial opinions. Richter v. Empire Trust Co., D.C., 20 F. Supp. 289. I think that compliance with the Illinois law is sufficiently pleaded. The complaint alleges that the action in the Chicago court was "duly" commenced, and that the judgment recovered therein was "duly given" by said court. The word "duly" means "by proper procedure". Albright v. Baltimore & O. R. Co., D.C., 22 F.2d 832. It has been defined as "according to law", and the phrase "duly adjudged" (which to my mind is equivalent to "duly given") means " * * * according to the statute governing the subject,— and implies the existence of every fact essential to perfect regularity of procedure." Brownell v. Town of Greenwich, 114 N.Y. 518, at page 527, 22 N.E. 24, at page 26, 4 L.R.A. 685.

Failure to allege the terms of the warrant of attorney involved or that plaintiff complied with those terms does not render the complaint insufficient. The tenor of the warrant and the steps taken by plaintiff to enter judgment thereon are anterior to the judgment itself and relate to procedure leading up to its entry. I think that for the purposes of the pleading the regularity of such procedure is implied by the use of the word "duly".

In other respects the complaint is sufficient. In order to set forth a cause of action it is necessary only to describe the judgment with enough particularity to identify it—the name of the court and the cause, the time and place of rendition, the amount, the person in whose favor and against whom it was rendered, and that the amount has not been paid. See Freeman on Judgments, 5th Ed., §§ 1104, 1458.

We come now to the sufficiency of the affirmative defenses. In this regard certain principles must be borne in mind. The general rule, by which I must be guided, is enunciated in Roche v. McDonald, 275 U.S. 449, 451, 48 S.Ct. 142, 143, 72 L.Ed. 365, 53 A.L.R. 1141, as follows: " * * * the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and * * * only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State." and at page 452 of 275 U.S., at page 143 of 48 S.Ct.: " * * * the judgment, if valid where rendered, must be enforced in such other State although repugnant to its own statutes." And see Adam v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649.

As to the defenses which may be interposed, it is settled that the jurisdiction of the court rendering the judgment may always be examined, and if found wanting, no effect need be given to the judgment. Spokane & I. E. R. Co. v. Whitley, 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060, L.R.A. 1915F, 736; Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347.

In order to give to such a judgment the same effect given it in the state where it was rendered, the law of that state must be examined. If valid in that state it is valid in other states. Westwater v. Murray, 6 Cir., 245 F. 427.

The first defense asserts that the judgment sued upon was not duly rendered in the Illinois court against the defendant. This defense is broad, and under it evidence might be adduced to show that the judgment rendered was not in accord with the Illinois law and hence ineffective in that state; or it might be shown that the judgment was entered without due process of law and that therefore the court had no jurisdiction to make it. I think the defense is good.

The second and third defenses charge, respectively, that no process was served upon defendant nor did he appear in the Illinois action, and that at the time such action was begun he was a non-resident of that state. Under the Illinois statute authorizing judgment by confession

(Illinois Revised Stats. 1939, Ch. 110, § 174, par. (5) no process need be served. Neither process nor personal appearance is necessary for a valid judgment of this type (Teel v. Yost, 128 N.Y. 387, 28 N.E. 353, 13 L.R.A. 796); nor is the residence of the defendant material. Morris v. Douglass, 237 App.Div. 747, 262 N.Y.S. 712; Withers v. Starace, D.C., 22 F.Supp. 773. These defenses are legally insufficient and should be stricken.

The fourth defense consists, in reality, of two elements, one of which is good, the other bad. The first element, consisting of paragraphs 6 and 7 of the answer, pleads the judgment roll in the Illinois suit and the promissory note and warrant of attorney upon which it was made (without conceding validity thereof), by annexing copies of the same. It is then alleged that the person who acted on behalf of defendant was lacking in authority to do so; that the warrant of attorney was invalid; and that the court had no jurisdiction of defendant.

This defense goes to the jurisdiction of the court and is good. It is settled that judgments by confession entered upon a warrant of attorney, although entitled to full faith and credit if valid, are void if not authorized by said warrant (Grover & Baker Sewing Machine Co. v. Radcliffe, 137 U.S. 287, 11 S.Ct. 92, 34 L.Ed. 670); and it is generally true that the question of authority is open to inquiry. Freeman on Judgments, 5th Ed., § 1361. The courts of Illinois have followed the general rule that warrants of attorney upon which judgments are entered will be strictly construed in favor of the defendant. Little v. Dyer, 138 Ill. 272, 27 N.E. 905, 32 Am.St. Rep. 140; Hutson v. Wood, 263 Ill. 376, 105 N.E. 343, Ann.Cas.1915C, 587. It is clear that if the warrant is invalid the court had no jurisdiction of the defendant.

Paragraphs 8 and 9 of the answer, comprising the second half of the fourth defense, allege that under the terms of the warrant judgment could be taken against the defendant only in conjunction with the maker and that this condition precedent was not fulfilled. The defendant has pleaded the warrant in haec verba. My examination thereof reveals that the defendant has misread it, for it plainly gives the plaintiff the prerogative of proceeding against this defendant alone. These paragraphs will be stricken as sham.

The fifth defense alleges payment of the indebtedness in full, upon which the judgment was based, and it is asserted that such payment cancelled and revoked the warrant of attorney. It is obvious that this defense is designed so as to come within the doctrine of Gundlach v. Park, 140 Minn. 78, 165 N.W. 969, 167 N.W. 302. In that case the Minnesota court decided, among other things, that when the defense of payment and fraud is interposed, showing the need for relief in equity, that such defense is good. This was based upon the ground that payment of the debt extinguished it and ipso facto cancelled the warrant of attorney, with the result that the authority was void and the jurisdiction of the court lacking. The Minnesota decision cited a lower court case in Illinois: Hannan v. Biggio, 189 Ill.App. 460. That case, however, is not analogous to the one at bar, for there, by a direct proceeding, relief was sought to vacate a judgment made in the same state.

In the instant case the judgment is attacked collaterally, and, in my opinion, by this defense defendant seeks to litigate the merits of the suit behind the judgment. To follow the Gundlach case would be to hold that no judgment entered in another state upon a warrant of attorney is conclusive on the merits, and they may be relitigated at will wherever such judgment is sought to be enforced. This, I am satisfied, is not the law. Cf. Roche v. McDonald, supra. It has been held that the defense of payment of the debt, or denial that it existed, are unavailing. Freeman on Judgments, 5th Ed., §§ 1073, 1087. This defense is insufficient and should be stricken.

The sixth defense is, in substance, that defendant was induced to endorse the note in question by plaintiff's assignor, and that no consideration was given for said endorsement. Thus, it is alleged, the warrant of attorney is invalid and without consideration. It should be noted that no fraud is alleged. Such a defense is unavailing in Illinois. Reitinger v. Carlson, 272 Ill.App. 104. It is equally unavailing here, and should be stricken.

The seventh and eighth defenses allege, respectively, breach of a contract between plaintiff's and defendant's assignors, and payment of the debt in question (this is a detailed reiteration of the fifth defense). In my opinion these con-

tentions are addressed to the merits, and for the reasons stated above are not proper. They will be stricken.

■■■ The ninth defense asserts that the plaintiff is not a holder in due course of the note but took with full knowledge of the facts, that he did not accept same before maturity, paid no consideration for it, and acquired no rights under the warrant of attorney. The tenth defense avers that the plaintiff is not the owner and holder of the note and has no interest therein, by reason of which the judgment was invalid and without authority.

The warrant of attorney upon which the judgment was entered authorized judgment in favor of "the holder of the note." As pointed out in National Exchange Bank v. Wiley, 195 U.S. 257, 268, 25 S.Ct. 70, 49 L.Ed. 184, quoting from a text on the subject, "holder" means anyone in actual or constructive possession of the note, and entitled at law to recover or receive its contents from the parties to it. The defense raised in that case was that the plaintiff, the named payee in the instrument, was not the "holder" thereof because prior to suit it had been transferred to another. The court held that the defense was good because if in fact a transfer had been made, then there was no authority to enter the judgment in favor of said plaintiff and hence the court had no personal jurisdiction of the defendant.

That decision, I think, controls my disposition of the defense that plaintiff is not the lawful owner of the note, but it does not dictate that I sustain the defense that plaintiff is not a "holder in due course". The warrant of attorney does not say that judgment may be entered only in favor of a holder in due course. Nor do I follow defendant's reasoning that if plaintiff took with knowledge of all the facts that he is precluded from entering judgment. No Illinois law has been cited on either proposition, and I can find none which controls. Accordingly the ninth defense is stricken, but the tenth is sustained.

■■■ The eleventh defense declares that the powers conferred by the warrant of attorney were exceeded in the cognovit, in that the attorney confessing judgment agreed that no appeal or writ of error would be prosecuted and that no bill in equity would be filed to interfere with the operation of the judgment. It is urged that such violation of authority renders the warrant and the judgment wholly void.

In Tucker v. Gill, 61 Ill. 236, a judgment entered upon a warrant, in vacation, by the clerk was voided because the cognovit exceeded the authority conferred in the warrant. In reaching this conclusion the court pointed to the fact that the judgment was entered in vacation by the clerk, and that he had exceeded his statutory powers in entering a judgment for a different amount than that found in the cognovit. The warrant there authorized judgment for $26,000; the cognovit confessed judgment for $50,000; but the judgment itself was for the lesser sum. The court stated that the clerk, a mere ministerial officer, had no power to judicially determine the amount due, or to adjudge the validity of the filed papers. It was said that the record indicated that the clerk must have decided that the cognovit was void (which he could not do), and then determined that the correct sum was as stated in the warrant (which also was beyond his power).

The general rule as to the exercise of an excess of authority was stated, namely, that in such event the excess only is void, but that the portion authorized is good. This was cited as the English rule and reliance was also placed on Story on Agency, § 166. Special significance was given to the fact that the clerk entered the judgment in vacation. The court then said: "It is unnecessary, perhaps, to observe that, if the judgment had been entered in court at a term, very different consequences would attach; * * *".

It is obvious that in the latter event the court would hold the cognovit good except as to the excess of authority. In the instant case the judgment was entered in term by a judge. I feel, therefore, that in Illinois only the excess would be held bad. No other Illinois decision has come to my attention to destroy the force of the dictum quoted. The defense is insufficient and will be stricken.

■■ The twelfth defense challenges the sufficiency of the cognovit on the ground that it was not duly acknowledged or verified by the attorney in fact. Whether he be attorney in fact or in law, or both, is immaterial. I find nothing in the Illinois statutes which requires a verification. Illinois Rev.Stats. 1939, Ch. 110, § 174, par. (5); Civil Practice Rules of the Municipal Court of Chicago, Rule 75, par. 5. There appears to be no merit to the defense, particularly as the person executing the cognovit is, apparently, an attorney

of the State of Illinois. The defense will be stricken.

The thirteenth, and last, defense declares the judgment is invalid, unconstitutional and against public policy. Obviously it is not unconstitutional. It needs no further citation of authority to show that judgments by confession have been recognized and ruled upon by the United States Supreme Court. The public policy in question must be that of the State of New York inasmuch as the judgment is sought to be enforced here. No discussion is required to show that judgments similar to this have been upheld and given full faith and credit in New York and it follows that the public policy thereof is not involved. Teel v. Yost, supra; Morris v. Douglass, supra. This defense is without merit, and will be stricken.

Pruned, as above, the answer presents a general denial; and affirmative defenses first; paragraphs 6 and 7 of the fourth; and the tenth. Triable issues are raised by these defenses. It follows that the plaintiff's motion for judgment must be denied.

The defendant's motion for judgment must also be denied. The issues now before the court are questions of fact and there is nothing appearing upon the face of the pleadings to show that defendant is entitled to judgment as a matter of law.

The defendant's motion to compel a reply is denied. Although Rule 7(a), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, permits a reply in the court's discretion, some reason must be shown for its need. Moore says that the rule contemplates, in the normal case, a complaint and answer only. 1 Moore's Fed.Prac. 423. The reason assigned here is that a reply would facilitate the court's inquiry into the validity of the judgment involved. I see no point to the contention nor do I perceive what value a reply could have. Affirmative defenses to which there are no replies, are deemed denied or avoided. Rule 8(d), F.R.C.P.

Defendant has referred in his brief to a further defense, namely, that the authority in the warrant was exceeded in that it does not appear that the attorney's fee fixed in the judgment was "judicially determined." I do not think that this defense is properly before me because it has not been set up as such in the answer. I must refrain, therefore, from ruling upon it. If the defendant wishes to avail himself of it, he may, if he be so disposed, move to amend the answer.

The motions are disposed of in accordance with the above. Settle orders on notice.