Per Curiam.

In an action on a cognovit judgment of the State of Illinois which was for rent due pursuant to a valid and existing lease, respondent’s contention that the warrant of authority to confess judgment was limited to money due under said lease for rent and that no rent was due because the premises were unoccupied and therefore the Illinois court lacked jurisdiction, constitutes an attempt to litigate the merits of the original controversy in a collateral attack, under the guise of a jurisdictional objection, and would be violative of the ‘ ‘ full faith and credit ” clause of the United States Constitution.
It is to be observed, although such alternative jurisdictional ground is not emphasized in the dissenting memorandum, that the Illinois statute (111. Civ. Prac. Act, § 50, subd. [4]) provides that ‘' Any person * * * may confess judgment * * * without process * * * provided, that the application to confess judgment * * * be made in the county in which the note or obligation was executed ’ ’. The statements of claim under which the judgments were entered each state that the instrument was executed in the County of Cook, State of Illinois.
Under the Illinois statute neither process, personal appearance nor the residence of the defendant is necessary or material to the validity of a cognovit judgment (Morris v. Douglass, 237 App. Div. 747, 749; Turner v. Alton Banking & Trust Co., 181 P. 2d 899, 905; Bower v. Casanave, 44 F. Supp. 501, 504-505). Lastly, we note that while there is no disagreement as to the applicable foreign law, its tenor nevertheless is a matter for our determination (CPLR 4511).
The order should be reversed, with $10 costs, and motion granted.