■ ATLAS CREDIT CORPORATION, Appellant, v. IVAN A. EZRINE, Respondent. ATLAS CREDIT CORPORATION, Appellant, v. SARAH EZRINE, Respondent.— Orders appealed from, both entered December 29, 1967 and denying summary judgment to plaintiff, unanimously reversed on the law, with one bill of costs consisting of $50 to appellant, plus disbursements and the motion granted. The action is grounded on two Pennsylvania judgments by confession entered pursuant to the power of attorney contained in an instrument of guaranty of the mortgage indebtedness of a corporation in which defendants were interested. The Pennsylvania judgment against defendant Ivan A. Ezrine in the sum of $690,253.20 was entered December 24, 1963. A similar judgment was entered against defendant Sarah Ezrine June 25, 1964 in the sum of $628,084.19. In accordance with Pennsylvania procedure, various proceedings were instituted to fix the fair market value of security held for the underlying indebtedness, the last proceeding resulting in the determination of a balance due of $237,369.72 on March 11, 1966. Defendant Ivan A. Ezrine on April 5, 1966 appeared specially to open the judgment entered against him March 11, 1966. Said application was denied July 6, 1967. The Pennsylvania judgments entered as aforesaid are not subject to collateral attack. (*Teel* v. *Yost*, 128 N. Y. 387; *Morris* v. *Douglass*, 237 App. Div. 747.) Several defenses are alleged, which challenge the regularity of the judgments and the amount due. A counterclaim alleges the destruction of values of property of the corporate debtor and the sale of valuable assets at one half their value. The acts complained of antedated the judgment of March 11, 1966, determining the balance due plaintiff at $237,369.72. They were also relied on by defendant Ivan A. Ezrine on his application to open the judgment entered against him on March 11, 1966. The conduct of plaintiff complained of antedated the judgments on which are grounded this action, and said defenses

and counterclaim constitute a collateral attack on the judgments. In the circumstances, the amount due as recited in the judgments may not be impeached. (49 C. J. S. § 433, p. 858.) Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally. JJ.