Chief Judge Fuld (dissenting).
The Pennsylvania judgments involved in this case were rendered by courts of general jurisdiction having in personam jurisdiction over the defendants-appellants by virtue of a warrant of attorney signed by each of the defendants. Such judgments, it was conceded on oral argument, were valid and enforceable in Pennsylvania. It follows, therefore, that they are entitled to full faith and credit in the courts of this State. (See, e.g., Parker v. Hoefer, 2 N Y 2d 612, cert. den. 355 U. S. 833; Guggenheim v. Wahl, 203 N. Y. 390; Teel v. Yost, 128 N. Y. 387; Morris v. Douglass, 237 App. Div. 747, 748-749.) In the Teel case (128 N. Y. 387, supra), which also involved a judgment obtained by confession in Pennsylvania, our court, in giving conclusive effect to it, wrote (pp. 390-392):
“In the case of such a judgment it is, of course, unnecessary that any process should be issued or served, declaration filed, or personal appearance entered *234 by the defendant, as these proceedings are totally inconsistent with the nature of a judgment by confession. The appearance of an attorney, under a written power from the party, authorizing his consent to a judgment, is the legal equivalent of the process and proceedings usually taken in an action in invitum. [p. 390] * * *
“ 'It is and was by the laws of Pennsylvania, a valid, binding adjudication in personam, against the defendant herein, and entitled by the laws of said state to have the same faith and credit given to it as if it had been entered upon a verdict after a trial in which the defendant had appeared.’ ” (p. 392).
Indeed, the United States Supreme Court has recognized that cognovit judgments, if valid in the state where rendered, are to be given full faith and credit in every other state and may not foe refused or denied effect unless there has been a failure, on the part of the one obtaining the judgment, to comply with the terms of the warrant of attorney. (See National Exch. Bank v. Wiley, 195 U. S. 257; Grover & Baker Mach. Co. v. Radcliffe, 137 U. S. 287.) In the present case, there was not the slightest departure from the provisions of the warrant of attorney; reading that document most strictly, the plaintiff fully complied with its terms.
Accepting, for argument’s sake, the proposition that these cognovit judgments are not clothed with the protection of the full faith and credit clause, there is no basis for the contention that New York’s public policy precludes their recognition and enforcement. Although New York law does not permit judgments based upon warrants of attorney as such, it does have the equivalent, judgments by confession. CPLR 3218 explicitly sanctions the entry of judgments by confession without notice to the debtor. The statute does, it is true, afford the debtor some added protection, requiring, as it does, that a confession of judgment contain an affidavit which must have been signed by the obligor within three years of the entry of judgment (CPLR 3218, subd. [b]) and which describes the circumstances under which the debt arose as well as the exact amount *235 for which judgment may be entered (CPLR 3218, subd. [a]). However, these requirements are the most minimal aids to the debtor; they accord him little, if any, greater protection from fraud, overreaching or economic duress than does Pennsylvania law. The differences in the two states' procedures are more formal than real.
New York has never outlawed agreements to confess judgment which, as the majority opinion notes, 17 other states have. The finding that the judgments before us are repugnant to New York’s public policy is, therefore, not only insupportable but, in addition, evidences an unjustifiable disrespect for the laws of a sister state. Whether one views the entire matter as a question of comity or, as regarded by some authorities, a pure conflict of laws question, the result is the same. Even if not constitutionally mandated, the judgments of a sister state are entitled to recognition in our courts except where (1) a legitimate interest of New York may demand a different result or (2) where enforcement would contravene that supreme law which binds us all, the Constitution of the United States. Neither exception is applicable here. With respect to the first, as already noted, in refusing to enforce these judgments, the court ignores a legitimate interest of Pennsylvania without serving any real interest of New York. ’ (Cf. Intercontinental Hotels Corp. v. Golden, 15 N Y 2d 9.) With respect to the second, it is urged that the warrant of attorney, pursuant to which the cognovit judgments were entered, offends due process because the debtors therein agreed that "any Attorney * * * within the United States of America, or elsewhere" (italics supplied) was authorized to appear for them. The authorization, it is said, is too broad.
Unless one is prepared to say that all cognovit judgments are invalid because they may be granted without notice to the debtor and thus deprive him of his day in court, it matters little where the judgment is entered. If the debtor has the capacity to consent to a cognovit judgment and, in effect, waives whatever protection notice of the proceedings might yield, then, it is difficult to perceive why as a matter of due p?:oeess— as distinguished from wise policy—he may do so in only one specified jurisdiction.
*236 Moreover, there is a strong indication in a recent Supreme Court case that judgments by confession — such as cognovit judgments — raise no constitutional issue. In National Rental v. Szukhent (375 U. S. 311), the court upheld the designation of an agent to accept service of process even though the agent was unknown to the defendant and, indeed, was under .no express duty to transmit notice to the defendant. In the course of its discussion, the court observed that “it is settled * * * that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether ” (375 U. S., at pp. 315-316; emphasis supplied).' There is nothing in the context in which the phrase, “ given court,” is used which lends any support to the majority’s conclusion herein that the warrant of attorney is too broad.
■ Finally, even if there were some merit to the contention concerning the breadth of the warrant of attorney, in sanctioning entry of judgment in this country “ or elsewhere,” the defendants before us have no ground for complaint since they were in no way prejudiced. The judgments upon which, the present suits are brought were actually entered in Pennsylvania, the very state in which not only one of the warrants of attorney was executed but also where the security (in the form of real property) was located. The defendants, in short, are in no position to claim unfairness or surprise for the judgment was entered in a jurisdiction which had the closest possible nexus with the transaction and where they had every reason to expect the judgments would be entered.
The order appealed from should be affirmed.
Judges Burke, Bergan and Jasen concur with Judge Breitel; Chief Judge Fuld dissents and votes to affirm in a separate opinion in which Judge Scileppi concurs.
Order reversed, with costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein.