## GARDNER v. AUTREY.

No. 25090.  Dec. 11, 1934.

Withdrawn, Corrected, Refiled and Rehearing Denied Jan. 14, 1935.

Further Rehearing Denied Feb. 12, 1935.

Guy L. Andrews, for plaintiff in error.

Markley & Neece, for defendant in error.

CULLISON, V. C. J. H. S. Autrey, plaintiff, filed suit against Zay Gardner, defendant, seeking to recover on a foreign judgment. Autrey recovered a judgment against Gardner in Limestone county, Tex., on September 24, 1925. No execution was issued upon said judgment in Texas for more than one year after the rendition of said judgment.

Article 3773, 1925 Revised Statutes of Texas, provides:

"Dormant Judgment: If no execution is issued within 12 months after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the 12 months, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

Article 5532, 1925 Rev. St., Texas, provides:

"Judgment Revived, When: A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

No execution was issued upon said judgment within one year from the rendition of the same, and no further proceedings were had in said cause or upon said judgment until 1931, at which time Autrey proceeded under a writ of scire facias to revive said judgment; and under said proceedings the Texas district court entered an order which provided in substance that the petition of plaintiff is in all things sufficient and the writ of scire facias is in due and regular form requiring Gardner to appear and show cause why said judgment should not be revived. The Texas court then issued the following order:

"It is therefore ordered, adjudged and decreed by the court that the judgment of this court as hereinbefore set forth be revived and that plaintiff have his writ of execution thereon."

In the case of Bullock v. Ballew, 9 Tex. 249, (pp. 499, 500 of the original reports), the Supreme Court of Texas had under consideration the writ of scire facias and the rights presented thereunder, and held:

"The second section of the act of limitations (Hart. Dig., art. 2378) expressly recognizes the right to revive a judgment by scire facias, or an action of debt, where

execution has not issued within twelve months from the rendition of judgment. The present is substantially an action of debt, brought on the judgment, in the language of the statute, 'to revive' it. In effect, it is not materially different from a scire facias brought to revive a judgment. In an action of debt the judgment for the plaintiff is that he recover his debt, etc. in a scire facias, it is simply that he have execution."

After procuring a revivor of said judgment in the Texas district court by means of the writ of scire facias, plaintiff instituted the suit at bar in the district court of Pittsburg county, Okla., by filing his petition therein on August 26, 1932. In said suit plaintiff based his right to recover upon the judgment formerly entered against defendant in the district court of Limestone county, Tex., and upon the trial of said cause plaintiff recovered a judgment against defendant, from which judgment defendant appeals and contends:

"The question to be determined is, Did the action of the district court of Limestone county, Tex., on December 8, 1931, by virtue of which the judgment of September 24, 1925, was revived, set aside the statute of limitations of Oklahoma that had barred recovery upon such judgment since September 24, 1926?"

Our statute of limitations is section 101, O. S. 1931, which provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Fourth. Within one year: An action on a foreign judgment. * * *"

Under our statute of limitation plaintiff had one year to institute his cause of action in this state upon his foreign judgment, but he contends that the proceeding had in the state of Texas under the writ of scire facias was such as to save his right of action.

We have set out the contents of the proceedings under the writ of scire facias, and we observe that he had the option of two procedures: First, to procure a judgment on the debt; or second, to revive his dormant judgment; and plaintiff chose to revive the dormant judgment and procure the right to issue an execution on said dormant judgment.

The proceeding in the district court of Limestone county, Tex., under the writ of scire facias merely give new life to the old dormant judgment, and was not a rendition of a new judgment upon the debt. We therefore must conclude that plaintiff's right

must be determined in regard to the judgment rendered on September 24, 1925.

In the case of Bank of Stockham v. Weins, 12 Okla. 502, 71 P. 1073, this court held:

"The final order and judgment of the district court in Nebraska was made and rendered on May 11, 1899, and no supersedeas or stay bond was made or filed on behalf of either the Bank of Stockham or Bernhard and Herman Weins either in the district court or in the Supreme Court. It further appears that the defendant, Bernhard Wiens, permanently removed from the state of Nebraska in 1894, and ever since that time has been a bona fide resident of Grant county, Okla. The right of action therefore accrued in this case on the judgment on May 11, 1899, and the fact that the cause was appealed to the Supreme Court of Nebraska did not postpone or suspend the operation of the statute of limitations. The statutes of this territory provide that an action on a foreign judgment can only be instituted within one year from the time the action accrues thereon. Since this action was not commenced until October 8, 1901, and more than one year having intervened from the date of the rendition of the judgment in the district court of Nebraska, the defendant's plea of the statute of limitations was properly sustained by the court below."

Also, in the case of Collin County Nat. Bank v. Hughes, 220 S. W. 767, the Texas Supreme Court decides, in headnote No. 3, as follows:

"Where scire facias proceeding to revive a personal judgment is, as in the federal courts, but a continuance of the original suit, the judgment of revivor does not become the judgment, and action on the revived judgment is on the original judgment, so that bar of that action by limitations must be determined, relative to action on foreign judgment, according to the judgment's original date."

Under our statute of limitation and the authorities just cited, plaintiff's right to institute the suit upon his foreign judgment in the state of Oklahoma accrued upon the rendition of the judgment in the state of Texas, which was September 24, 1925.

Defendant was a resident of this state prior to the rendition of said judgment and continued to reside in this state. One year after the rendition of said judgment plaintiff's right to recover thereon in this state was barred.

The fact that plaintiff instituted the proceeding in the nature of scire facias to revive said dormant judgment within the state of Texas did not renew his right to institute a proceeding in the state of Oklahoma and did not toll the running of our statute of limitation.

Defendant interposed the defense of statute of limitation, and the trial court erred in not sustaining the same.

The judgment of the trial court is reversed, with directions to enter judgment for defendant.

RILEY, C. J., and McNEILL, WELCH, and BAYLESS, JJ., concur.