Stanley HALL, Appellant,

v.

OKLAHOMA FACTORS, INC., Appellee.

No. 10–96–078–CV.

Court of Appeals of Texas,
Waco.

Dec. 4, 1996.

Rehearing Overruled Jan. 8, 1997.

---

Peter K. Rusek, Sheehy, Lovelace & May-
field, P.C., Waco, for appellant.

Laura E. Beadle and Blake Rasner, Haley
& Davis, P.C., Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and
VANCE, JJ.

**OPINION**

CUMMINGS, Justice.

On October 20, 1995, appellee, Oklahoma Factors, Inc., brought an action on a judgment against appellant, Stanley Hall, and moved for summary judgment on the action. Hall argued that Oklahoma Factors' motion was without merit because, *inter alia*, the judgment was barred by the doctrine of res judicata. The trial court granted a summary judgment. It is from this judgment that Hall appeals.

The facts of this case are not in dispute. In 1990, Federal Savings and Loan Insurance Corporation obtained a default judgment against Hall in the 74th District Court of McLennan County, Texas. This default judgment was subsequently sold to Oklahoma Factors. No other action was taken in regard to the default judgment until 1995. Because Hall had no property in Texas from which the judgment could be satisfied, in April 1995, Oklahoma Factors registered the default judgment in Cleveland County, Oklahoma, where Hall owned real property. Hall thereafter filed an action in the appropriate Oklahoma court to quiet title to his Oklahoma property. In December 1995, the district court in Cleveland County granted summary judgment in favor of Hall because the 1990 judgment had become dormant under Oklahoma's five-year dormancy statute. However, prior to the action of the Oklahoma court, Oklahoma Factors filed a new cause of action, termed an "action on the judgment," in the 74th District Court of McLennan County, and the trial court granted summary judgment in its favor.

In his original brief on appeal, Hall alleges the trial court erred in granting summary judgment in favor of Oklahoma Factors because: (1) the 1996 judgment violates the one judgment rule; (2) the 1990 judgment, under the doctrine of res judicata, bars the 1996 judgment; (3) Oklahoma Factors failed to demonstrate any advantage to be gained by obtaining a second judgment against Hall; (4) the 1990 judgment has been rendered dormant and unenforceable in Oklahoma; and (5) the 1990 judgment has been deemed satisfied as a matter of law in Oklahoma.

Hall, in a pre-submission supplemental brief, further contends that the Oklahoma judgment rendering the 1990 judgment dormant should have been given full faith and credit by the Texas court and, had it been, the judgment he now appeals would have been barred by res judicata. Despite Hall's couching this argument as a supplement to his original points of error, we find that he has in fact asserted a new point of error.

To prevail on a motion for summary judgment, the movant has the burden of establishing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Allen v. City of Midlothian,* 927 S.W.2d 316, 319 (Tex.App.—Waco 1996, no writ). A plaintiff who moves for summary judgment must prove he is entitled to summary judgment as a matter of law on each element of the cause of action. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986); *Acme Brick v. Temple Assocs., Inc.,* 816 S.W.2d 440, 442 (Tex.App.—Waco 1991, writ denied). With these principles in mind, we will address Hall's points of error.

In his second point, Hall maintains the doctrine of res judicata bars the present action because the underlying cause of action had already been adjudicated when a default judgment was rendered against him in 1990. We need not address the merits of Hall's argument because Hall cited no authority in support of his position. Therefore, we find the point has been inadequately briefed. TEX.R.APP.P. 74(f); *Bowles v. Reed,* 913 S.W.2d 652, 661 (Tex.App.—Waco 1995, writ denied); *Parker v. Parker,* 897 S.W.2d 918, 926 (Tex.App.—Fort Worth 1995, writ denied); *Romero v. Parkhill, Smith & Cooper, Inc.,* 881 S.W.2d 522, 529 (Tex.App.—El Paso 1994, writ denied); *Hunter v. NCNB Texas Nat'l Bank,* 857 S.W.2d 722, 725 (Tex.App.—

Houston [14th Dist.] 1993, writ denied). Hall's second point of error is overruled. In his supplemental point of error, Hall claims that the judgment rendered by the district court in Cleveland County, Oklahoma, bars the 1996 judgment and the Texas trial court erred in failing to give the Oklahoma judgment full faith and credit. *See* U.S. CONST. art. IV, § 1. However, upon examination of the record we find that Hall has waived this point of error. Because Hall failed to raise this issue in either his response to Oklahoma Factors' motion for summary judgment or his response to their First Amended Motion for Summary Judgment, this ground cannot now be urged as a basis for reversal of the trial court's judgment. *See* TEX.R.CIV.P. 166a(c); *McConnell v. Southside School Dist.,* 858 S.W.2d 337, 343 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Barron v. Texas Dep't of Transp.,* 880 S.W.2d 300, 302 (Tex. App.—Waco 1994, writ denied). By not presenting this issue to the trial court, Hall has failed to properly preserve the complaint for our review. TEX.R.APP.P. 52(a); *see Robbins v. HNG Oil Co.,* 878 S.W.2d 351, 362–63 (Tex.App.—Beaumont 1994, writ denied); *Seibert v. General Motors Corp.,* 853 S.W.2d 773, 779 (Tex.App.—Houston [14th Dist.] 1993, no writ). Hall's supplemental point is overruled.

■ We now address Hall's remaining points of error. In his third point, Hall argues the trial court erred in granting Oklahoma Factors' motion for summary judgment because Oklahoma Factors failed to show any advantage to be gained from a second judgment when it held a valid, active judgment against him. He correctly asserts that in most instances an action on a judgment will not lie unless the judgment sued upon has become dormant and the second action is brought to revive the original judgment.[1]

---

1. A judgment becomes dormant in Texas ten years after the date of its rendition. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 34.001 (Vernon 1986); *Hicks v. First Nat'l Bank in Dalhart,* 778 S.W.2d 98, 100 (Tex.App.—Amarillo 1989, writ denied); *Allied Fin. Co. v. Kelly,* 317 S.W.2d 790, 793–94 (Tex.Civ.App.—Waco 1958, writ dism'd w.o.j.). A dormant judgment may be revived either by scire facias or an action of debt. *See* Act of May

17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex.Gen. Laws 3242, 3270, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 935, § 1, 1995 Tex.Gen.Laws 4702, 4703. The amendment to the statute, which reads: "A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant," applies only to an action to revive a

However, as is true of most rules, there is an exception.

The Supreme Court, in 1901, decided *Stevens v. Stone,* 94 Tex. 415, 60 S.W. 959 (1901). Despite its vintage, the rationale of this opinion is still sound. In this case, Stevens held a Texas judgment against Stone but was unable to execute on it because Stone did not own sufficient property in Texas and because the laws of the Indian Territory,[2] where Stone did own ample property from which the judgment could be satisfied, rendered the Texas judgment dormant. *Id.* In an attempt to collect from Stone, Stevens filed a new and independent action on the judgment in Texas and recovered a completely new, albeit second, judgment against Stone which was not barred by the Indian Territory's dormancy statute. *Id.* In its decision, the court reiterated the general rule that only one final judgment will be allowed in any cause of action. *Id.* However, the court proceeded to carve a narrow exception to this rule, opining that "our court should never allow a suit upon a judgment unless it should be made to appear that the second judgment would be more efficacious than the first." *Id.* The court then held that having the judgment barred by the laws of another state, where the defendant has property subject to execution, falls into this limited exception because obtaining a second, unbarred judgment against the defendant certainly places the judgment creditor in a more advantageous position than he would be in without the second judgment. *Id.* In support of its motion for summary judgment, Oklahoma Factors attached a copy of the Journal Entry from the Cleveland County District Court decreeing the 1990 default judgment against Hall dormant. Hall does not dispute the validity of this judgment. Consequently, we find that this Oklahoma judgment is sufficient proof that Oklahoma Factors could gain an advantage by obtaining a second judgment against Hall. Hall's third point is overruled.

In his first point, Hall contends the trial court erred in granting Oklahoma Factors' motion for summary judgment because the effect of the trial court's order was to give Oklahoma Factors a second judgment against Hall which violated the one judgment rule. TEX.R.CIV.P. 301. Hall maintains that because Oklahoma Factors already has a valid Texas judgment, the 1990 default judgment, it is not entitled to another. Hall is correct in his assertion that Texas law generally only allows one final judgment in a cause of action. *See id.; see also Stevens,* 60 S.W. at 959; *Beach v. Beach,* 912 S.W.2d 345, 347–48 (Tex.App.—Houston [14th Dist.] 1995, no writ); *Lawrence Sys. v. Superior Feeders, Inc.,* 880 S.W.2d 203, 210 (Tex.App.—Amarillo 1994, no writ); *Gainesville Oil & Gas Co., Inc. v. Farm Credit Bank of Texas,* 795 S.W.2d 826, 828 (Tex.App.—Texarkana 1990, no writ); *Hammett v. Lee,* 730 S.W.2d 350, 351 (Tex.App.—Dallas 1987, writ denied). However, Hall fails to recognize that an action on a judgment is a new and independent cause of action. *Burge v. Broussard,* 258 S.W. 502, 505 (Tex.Civ.App.—Beaumont 1924, writ ref'd); *see also Stevens,* 60 S.W. at 959. Hall's first point of error is overruled.

In his fourth and fifth points of error, Hall maintains that Oklahoma law prevents Oklahoma Factors from showing the requisite advantage of a second judgment as mandated by *Stevens.* Hall cites an Oklahoma case for the proposition that once a judgment has been rendered dormant in that state no action can resurrect it. *See Gardner v. Autrey,* 170 Okla. 526, 40 P.2d 1042, 1043–44 (1935).[3] Despite Hall's earnest argument that Oklahoma law prohibits Oklahoma Factors from showing any advantage to be gained by procuring a second judgment based on the 1990 judgment, we, as a Texas appellate court, do not sit to interpret and pronounce Oklahoma law. Whether the summary judgment rendered by the 74th District Court of McLennan County on February 27,

judgment brought on or after December 1, 1996. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 935, § 1, 1995 Tex.Gen.Laws 4702, 4703 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 31.006 (Vernon Supp.1997)).

2. Oklahoma was known as the "Indian Territory" until it became a state in 1907.

3. We do not necessarily agree with Hall's reading of *Gardner v. Autrey,* 170 Okla. 526, 40 P.2d 1042 (1935).

1996, is enforceable in Oklahoma is an issue we defer to the judiciary of that state. However, we are authoritative interpreters of Texas law, and under Texas law, Oklahoma Factors is entitled to not only bring an action on the 1990 judgment, but if it can show an advantage by doing so, it can also obtain a judgment on it.[4]

■ Hall further contends that, because a dormant judgment is deemed satisfied as a matter of law in Oklahoma, no subsequent action can be brought on it in Texas and therefore no advantage can be gained. Hall seems to base his argument on the erroneous proposition that an Oklahoma court can determine the validity of a judgment in Texas. Just as our position as a Texas court gives us no authority to rule upon laws which must be followed in Oklahoma, a court in Oklahoma cannot decree that the courts of this state follow an Oklahoma interpretation of a Texas rule of law.

In regard to the contention that the laws of Oklahoma preclude a second judgment against Hall, both Hall and Oklahoma Factors argued that their respective positions are supported by the United States Supreme Court case of *Roche v. McDonald,* 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928). However, we find that any argument regarding this case and its interpretation of the Full Faith and Credit Clause is premature. Hall's fourth and fifth points of error are overruled as not presenting issues before this court.

The judgment is affirmed.

■

---

[4]. The facts of *Stevens v. Stone,* 94 Tex. 415, 60 S.W. 959 (1901), are directly on point with the present case and, as a reviewing court, we are constitutionally bound to follow precedent handed down by the high court of this state. *See Lofton v. Texas Brine Corp.,* 777 S.W.2d 384, 387 (Tex.1989); *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964); *Lester v. First American Bank, Bryan, Tex.,* 866 S.W.2d 361, 363 (Tex.App.—Waco 1993, writ denied); *Bruno v. Bruno,* 589 S.W.2d 179, 180 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.).